## ROUSSEL v. MATHEWS et al.

(Supreme Court, Appellate Division, First Department. June 7, 1901.)

1. CONTRACT—STATUTE OF FRAUDS—DEBT OF ANOTHER.
   Where plaintiff stated that he would furnish materials to a building contractor if assured of payment, whereon defendant agreed with the consent of the contractor to retain in its control sufficient of the money due the contractor to protect the plaintiff, such agreement was not a promise to answer for the debt of another within the statute of frauds.

2. SAME—COMPLETION OF CONTRACT.
   Plaintiff was not obliged to await the completion of the contract before he could recover on the agreement.

3. SAME.
   Where plaintiff furnished material to a building contractor under an agreement that defendant would retain sufficient of the money due the contractor to protect plaintiff, and defendant had agreed to accept a certain sum for the contractor's failure to complete some minor details, and agreed on the balance due, the contract was completed, so that plaintiff was entitled to recover the amount owing him by the contractor.

4. SAME—PAYMENT—EVIDENCE—SUFFICIENCY.

Plaintiff furnished materials for a building a contractor was erecting for defendant, the latter agreeing to retain sufficient of the moneys due the contractor to protect plaintiff. The contractor gave plaintiff a note for $4,062 for materials. Plaintiff testified that the contractor owed him $4,000 on another account, and offered to give plaintiff $2,000 cash and a new note for $2,000, for the surrender of the note of $4,062, but that he suggested such payment should be given on the account of $4,000, to which the contractor consented. This evidence was not contradicted. *Held* to sustain a finding that the note for $4,062 had not been paid.

5. SAME—CONSIDERATION.

Where plaintiff agreed to furnish building materials to a contractor provided defendant would retain sufficient of the money due by him on the contract to protect plaintiff, there was sufficient consideration between plaintiff and defendant for defendant's promise so to do.

6. SAME—INTEREST.

Where defendant agreed that, if plaintiff would furnish material to a building contractor, it would retain sufficient of the money due by it to the contractor to protect plaintiff, and plaintiff brought action on the promise without a precedent demand, he was entitled to interest from the commencement of the action.

7. COSTS.

A judgment granting plaintiff costs will not be disturbed, since, if the action be considered as one for a money demand on a contract, plaintiff, having recovered more than $50, was entitled to costs as of right, and, if considered as an equitable action, the granting of costs was discretionary with the court.

Appeal from judgment on report of referee.

Action by Charles J. Roussel against Armitage Mathews, receiver, and the New York Savings Bank and others. From a judgment in plaintiff's favor, defendants Mathews, receiver, and the New York Savings Bank appeal. Affirmed.

Argued before HATCH, McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

William S. Bennett, for appellant receiver.

Isaac N. Mills, for appellant New York Sav. Bank.

Daniel Whitford, for respondent.

INGRAHAM, J. The plaintiff alleges that the defendant the New York Savings Bank made a contract with the firm of Plock, Steinbach & Murray, hereinafter called the "contractors," to erect a building upon the property of the bank; that the contractors subsequently applied to the plaintiff to furnish them with certain marble to be used in the building; that the plaintiff declined to give the said firm credit, and that, to induce him to furnish the marble, the bank agreed with the plaintiff that it would hold in its hands, and pay over to him, out of any and all sums which might become due to the contractors for work done or materials furnished on said building under the contract, whatever sums might become due and owing to the plaintiff from the contractors for materials furnished to them by the plaintiff used in the construction of the building, and that the contractors assented to this arrangement; that the plaintiff furnished marble for the construction of the building at an agreed price of $5,530.95, of which there was paid to him

$1,384.87, leaving due to the plaintiff, on account of said marble so furnished and used on the building, the sum of $4,146.08. The plaintiff demanded judgment against the New York Savings Bank for this sum, with interest from the 18th of March, 1898. Other relief was demanded in the complaint, but I think the action is one to recover a sum of money against the defendant the New York Savings Bank under its contract with the plaintiff. The action was referred to a referee, who reported in favor of the plaintiff, against the New York Savings Bank, for $3,999.40, with interest from the date of the commencement of the action; and from the judgment entered on this report the receiver of Plock, Steinbach & Murray and the New York Savings Bank appeal.

The referee found: That Plock, Steinbach & Murray made the contract with the New York Savings Bank. That the said contractors had difficulty in procuring the marble necessary to proceed with the work, and that the plaintiff, at the request of the architect, met the architect and Mr. Jackson, a director of the bank, and chairman of the building committee. That the plaintiff expressed his willingness to procure the marble wanted, provided he could be assured that he would be paid therefor, but that he was not satisfied with the credit and responsibility of the contractors. That Mr. Jackson stated to the plaintiff that the bank would have no objection to paying the price of the marble to the plaintiff, provided the contractors consented, and the architect agreed to retain funds in his hands out of the moneys to become due and owing under the contract, in order to protect the plaintiff. That Plock, one of the contractors, came in during the interview, and agreed that the money might be retained in the hands of the bank to protect the plaintiff, and that he would give an order on the bank for the payment of such moneys to the plaintiff. That thereupon the plaintiff, induced by these promises, undertook to furnish the marble, and sent to the contractors an agreement to that effect, which was accepted by the contractors. That, in pursuance of this contract, the plaintiff furnished the marble in July, 1897, and, after the marble arrived, the contractors sent to the plaintiff their promissory note for the amount due under the contract between the plaintiff and the contractors, with a letter as follows:

"We hereby hand you two-months note for $4,062, to pay for seven blocks Siena marble S. S. Hesperian, which marble will be used in the New York Savings Bank; and we hereby agree that. if this note is not paid at maturity, that this letter is to be an order on the New York Savings Bank for the amount of the note, $4,062.

"Yours, truly,               Plock, Steinbach & Murray."

—That, at the request of the contractors, the plaintiff, on September 16, 1897, and before the maturity of the said note, surrendered the same to the contractors, and the note was not paid at maturity. That the promise made by the architect that the bank would withhold the money payable under the contract with the contractors was ratified by the savings bank, and that the bank did withhold said money, and now has the same in its possession, which, after all deductions, amounts to $4,395.60. That the contractors sub-

stantially performed their contract made between them and the savings bank, it being agreed that the bank should deduct $700 in consequence of certain work which was not performed by the contractors. That, as the note for $4,062 sent by the contractors to the plaintiff on July 26, 1897, was not paid at maturity, the letter, by its terms, became an order upon the bank, and was an equitable assignment to the extent of the claim of the contractors against the bank for the money due and payable under the contract; but that, as the plaintiff had failed to prove on the trial any presentation of this order to or demand upon the defendant the New York Savings Bank prior to the commencement of this action, he could only recover interest from the commencement of the action. And judgment was directed in favor of the plaintiff against the bank for the sum due, with interest from August 22, 1898, and costs. These facts, as found by the referee, were, I think, sustained by the evidence. Some question was raised about the authority of Mr. Jackson to make this agreement on behalf of the bank; but it was admitted that he was a trustee of the bank, and was chairman of the building committee; that he had authority, with the rest of the committee, to erect the building, and to secure material to enable the contractors to carry out their contract; and that he, with the architect of the bank, made this agreement, and retained the money from the amount due to the contractors. This was within the authority conferred upon the building committee, of which Mr. Jackson was president, to erect the building. It was an understanding as to the application of the payments to be made under the contract by which the bank was, with the consent of the architect, to retain money due to the contractors, and pay it to the plaintiff. No additional obligation was imposed upon the bank. The bank has carried out that agreement so far as to retain the money which it owes to the contractors; and, having retained the money, the bank could not repudiate its obligation to pay it to the plaintiff, who furnished the marble relying upon the promise that it would so retain the money, and pay it to him. It is only fair to say, however, that upon this appeal the learned counsel for the bank does not take the objection that the bank was not bound by the agreement of Mr. Jackson. There are several objections taken by the bank to this judgment. It is first claimed that the agreement was to guaranty payment by the contractors to the plaintiff, and, not being in writing, was void under the statute of frauds. We think, however, that this promise made by the bank was not a promise to be responsible for the debt, default, or miscarriage of another, but an original undertaking on its part that, in consideration that the plaintiff would furnish the marble to be used in the building it was erecting, it would retain out of the money due to the original contractor the amount that should become due to the plaintiff for the marble, and pay it to the plaintiff upon procuring the order from the original contractor. There was here an original promise on the part of the bank to secure to the plaintiff the money that would be owing to him by the bank's retaining the money which it owed to the contractors, and paying it to the plaintiff. By this agree-

ment the bank assumed an original obligation to the plaintiff, and
that obligation the plaintiff was entitled to enforce. Nor is there
anything in the point that there was no obligation of the bank to.
pay this money to the plaintiff until the original contract between
the bank and the contractors was entirely completed. There was
no such condition to the obligation assumed by the bank when it
undertook to retain the money payable to the contractor, and pay
that money to the plaintiff; but, even assuming that the plaintiff
would not be entitled to recover until the contractors had completed
their contract, the completion thereof was established upon the
trial of the action, as the bank consented to accept the sum of $700
for the failure of the contractors to complete some of the minor
details of the contract, and it was then agreed that there was a bal-
ance remaining in the hands of the bank, to which the contractors
were entitled, in excess of that for which the plaintiff recovered
judgment. By the contract between the bank and the contractors,
which was introduced in evidence, it was agreed that the bank
should pay them for the work to be done the sum of $23,000, which
was to be paid in monthly payments of 85 per cent. of the value
of the work furnished and put in place as the building progressed,.
the final payment to be made 30 days after the contract was com-
pleted. It further appeared that during the progress of the work
payments under the contract were made to the contractors amount-
ing to $17,419.25; that, after allowing the deductions claimed in
the answer, aggregating $751.33, and the sum of $700, which was
stipulated to .be the reasonable value of the work yet to be per-
formed, there remained a balance in the hands of the bank of $4,395.-
60 due to the contractors; and there certainly can be no reason why,
under this contract made by the bank, the plaintiff should not be
paid that money.

The only remaining question is as to whether the note given by
the contractors to the plaintiff was paid. It seems that these con-
tractors were also indebted to the plaintiff for certain mosaic work;
that on the 16th of September, 1897, just before this note for
$4,062, given by the contractors to the plaintiff for the Siena marble,
came due, the plaintiff's representative saw Mr. Steinbach, one of
the contractors, who asked the plaintiff to surrender the note for
$4,062, and he would give $2,000 in cash and another note for the
balance; that at that time the contractors were indebted to the
plaintiff for such mosaic work in a sum of about $4,000, and the
plaintiff's representative, in answer to .that request, proposed that
the $2,000 cash and a note for $2,000 should be given on account
of the mosaic work, as that would almost close up that account,.
to which Steinbach assented. The note for $4,062 was then deliv-
ered to the contractors, and the plaintiff received a check for $2,000
and a new note for $2,000. Mr. Steinbach was called as a witness
by the defendants, but did not contradict this testimony. It stands,
therefore, conceded. I think this was sufficient to sustain the find-
ing of the referee that this $4,062 note given to the plaintiff as rep-
resenting the amount due for the marble furnished by him was not
paid, and that the letter dated July 26, 1897, became an order on

the New York Savings Bank for the amount due to the plaintiff on account of such marble, and justified the plaintiff in demanding that amount from the savings bank.

The point is also made that there was no consideration for this contract between the bank and the plaintiff; but we think the consideration was ample. The contractors were behind in their contract, and had experienced difficulty in getting the marble. The plaintiff refused to furnish the marble to the contractors, but he procured and furnished the marble upon the promise made by the bank. The furnishing of the marble by the plaintiff was ample consideration for the promise of the bank, within the cases of Raabe v. Squier, 148 N. Y. 81, 42 N. E. 516, and White v. Rintoul, 108 N. Y. 223, 15 N. E. 318. I think, therefore, that the findings of the referee were sustained by the evidence; that there was a promise by the bank to the plaintiff, sustained by a good considera-tion; and that the plaintiff is entitled to enforce that promise. The bank, however, insists that the plaintiff is not entitled to recover interest on the amount due, or the costs of the action. As to the interest, the referee refused to allow it except from the date of the commencement of the action, as the plaintiff had not, prior to that time, presented the letter which contained the order, and de-manded the sum due from the bank. I think, however, that the plaintiff is entitled to interest from that time. The bank has had this money in its possession, which, under its contract with the plaintiff, belongs to the plaintiff. It has had the use of that money from the time of the substantial completion of the contract. When the action was commenced, a distinct claim was made that under the contract between the plaintiff and the bank the latter had agreed to retain the money due to the contractors, and pay it to the plaintiff. The bank had retained such money, and had it in its possession; and the commencement of the action was a demand upon the bank for the payment of that money. If the bank had wished to avoid the responsibility for interest, it was its duty to pay to the plaintiff or into court the money that was due to the contractors. No attempt was made thus to relieve itself from lia-bility for interest, but, although the referee has found, and the bank now concedes, that it holds in its hands over $4,300 which was due to the contractors, it not only refused to pay the money into court, but denied its liability under the contract, and litigated the claim of the plaintiff and the contractors to recover the money. Under such circumstances there is certainly no basis for allowing the bank to avoid the payment of interest.

The bank also objects to the award of costs in this action. If, however, this action was one for a money demand on a contract against the bank, the plaintiff is entitled to costs as a matter of right, having recovered judgment for over $50. If, however, it should be considered a suit in equity, the costs are then in the discretion of the court, and we certainly would not be justified in saying that that discretion was abused by the court below. Instead of admit-ting its liability for this money, the bank contested its obligation to pay anything to the plaintiff, and compelled the plaintiff to con-

duct a long and expensive trial. No reason appears why, having been finally defeated in its contest, it should not pay costs.

We think the judgment was right, and that it should be affirmed, with costs. All concur.