(108 App. Div. 50.)

SCHILD v. MONROE ECKSTEIN BREWING CO.

(Supreme Court, Appellate Division, Second Department. October 20, 1905.)

1. FRAUDS, STATUTE OF—DEBT OF ANOTHER—ORIGINAL PROMISE—NEW CONSIDERATION.

Where a subcontractor told the owner of a building that he would like to have the owner secure his payments, and the owner told him to go ahead and that the owner would pay on an order from the contractor, the owner's promise was an original one, supported by a sufficient consideration, and not within the statute of frauds.

[Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Frauds, Statute of, § 38.]

2. SAME—EVIDENCE—ADMISSIBILITY.

In an action by a subcontractor against the owner of a building on a promise by the owner to pay plaintiff, it was error for the court to strike out plaintiff's testimony that he did the work on the faith of defendant's promise.

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Louis H. Schild against the Monroe Eckstein Brewing Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOKER, RICH, and MILLER, JJ.

Henry W. Rianhard and Thomas Garrett, Jr., for appellant.
William D. Gaillard, for respondent.

MILLER, J. One Penet contracted to erect a building for the defendant, and sublet a portion of the work to the plaintiff, who brings this action to recover upon an alleged original promise of the defendant to pay, in respect to which the plaintiff testified:

"A. I went up in the meantime, before I started to work at all, and I went up to Eckstein's, and I said: 'I am Mr. Schild. I have a contract to work on the building. Mr. Penet wants me to put the roof on the building, and I have no money to lose, and I don't care about being stuck.' And Mr. Eckstein says: 'What is the trouble?' And I said: 'I would like you to secure my payments.' And he said: 'I don't see the difference whether I write out one check, or two checks. Go ahead and do the work.' Q. Was this before the work was started? A. Yes; and he said: 'Go ahead and do the work, and when it is through go ahead and get an order from Penet and come up here and I will pay you.'"

He further testified that upon the completion of the work he obtained an order from Penet and presented it to Mr. Eckstein, who said:

"It is all right. Come around in a week or two. I don't see why you contractors should be paid until your work is cold."

He also testified upon cross-examination as follows:

"Q. You made the contract with Mr. Penet at the rate of eight cents per foot? A. I made no contract at all with Mr. Penet, but I told him it would be worth eight cents per foot."

Upon these facts appearing undisputed, the justice dismissed the complaint upon the ground that the alleged promise of the defendant was not in writing; and we are asked to sustain the judgment upon the theory that the contract sued upon was an agreement to answer for the debt, default, or miscarriage of another, and therefore void as within the statute of frauds.

This case seems to come within the rule stated in White v. Rintoul, 108 N. Y. 222, 227, 15 N. E. 318, 320, that:

"Where the primary debt subsists and was antecedently contracted, the promise to pay it is original when it is founded on a new consideration moving to the promisor and beneficial to him, and such that the promisor thereby comes under an independent duty of payment, irrespective of the liability of the principal debtor."

The promise to pay in this case certainly imposed an independent duty of payment, irrespective of the liabilty of the principal debtor. It was an absolute promise to pay upon the completion of the work and obtaining of an order from Penet; and the only element about which there could be any question is whether it was founded on a new consideration moving to the promisor and beneficial to him. It is true the plaintiff did not in terms state that he would not go on with the work unless the defendant undertook the payment; but the fair inference, from the conversation testified to, is that the promise was exacted by him as a condition of his performing the contract, and that the performance of the contract was the consideration which prompted the defendant to make the promise. He testified that he did the work upon the faith of Mr. Eckstein's promise to pay, and this evidence was improperly stricken out by the justice. We think the promise to pay in this case was an original promise, supported by a sufficient consideration. See Raabe v. Squier, 148 N. Y. 81, 42 N. E. 516; Almond v. Hart, 46 App. Div. 431, 61 N. Y. Supp. 849; Mannetti v. Doege, 48 App. Div. 567, 62 N. Y. Supp. 918.

In the case of Snyder v. Monroe Eckstein Brewing Company (decided Aug. 31, 1905) 95 N. Y. Supp. 144, which arose out of the same building contract, the elements necessary to take the case out of the operation of the statute of frauds were lacking.

The judgment should be reversed, with costs. All concur.