### WEISS v. LEVY.

(Supreme Court, Appellate Term, First Department. December 17, 1914.)

1. CONTRACTS (§ 26*)—ATTORNEYS—LETTERS.

    Where defendant, an attorney appointed to prosecute a suit, wrote the plaintiff, another attorney, who had commenced a suit for the same cause of action for the same client, that, if the plaintiff would send a discontinuance of the action, defendant would retain his fee out of money paid on disposition of the cause, which was to be commenced anew, as per arrangement with their client, but plaintiff answered that he had made no arrangement with the client, but had an understanding with the client's sister and defendant's representative, and that he would not discontinue unless defendant wrote that he had been authorized by their client to keep out his fee, which defendant would pay on receipt of settlement money, to which defendant assented by a return letter, and the suit was discontinued, a contract by defendant to hold out plaintiff's fee was sufficiently made out.

    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 119, 120; Dec. Dig. § 26.*]

2. PRINCIPAL AND AGENT (§ 92*)—LIABILITY OF PRINCIPAL—CONTRACT OF ATTORNEY.

    Where defendant, an attorney, agreed to hold out an attorney's fee for plaintiff from the moneys coming into his hands on the final disposition of a case, the fact that the money was paid to defendant's clerk, whose authority to receive the money was not disputed, and was never paid to defendant personally, is no defense to an action to recover the money.

    [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 245, 246, 250–253, 592; Dec. Dig. § 92.*]

3. CONTRACTS (§ 52*) — CONSIDERATION — AGREEMENTS BETWEEN ATTORNEY — HOLDING OUT FEE.

    An agreement in writing by an attorney to hold out the fee of another attorney on the final disposition of a cause, if the latter would discontinue a suit commenced by him, so that the former could prosecute the suit anew, as he had been substituted as attorney, is based on a sufficient consideration.

    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 223, 224; Dec. Dig. § 52.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Morris Weiss against Charles H. Levy. From a judgment for defendant on a trial without a jury, plaintiff appeals. Reversed, and judgment awarded for plaintiff.

Argued November term, 1914, before LEHMAN, DELANY, and WHITAKER, JJ.

L. & J. Weinberger, of New York City (Louis Weinberger, of New York City, of counsel), for appellant.

Brown & Boskey, of New York City (Meyer Boskey, of New York City, of counsel), for respondent.

WHITAKER, J. The pleadings herein were oral; the action being for "breach of contract," and the answer a "general denial."

[1] Plaintiff and defendant are members of the bar. The plaintiff, as attorney, had commenced an action for one Mrs. Youngblood against one Evans to recover for personal injuries to her infant son. After such suit had been begun, Mrs. Youngblood consulted the defendant in this action, Charles H. Levy. Mr. Levy applied to plaintiff, Mr. Weiss, for a discontinuance of the suit Mr. Weiss had instituted on behalf of Mrs. Youngblood against Evans, in order that Mr. Levy, the defendant herein, might institute a new suit for the same cause of action. The plaintiff herein expressed a willingness to accept $25 in payment for the services rendered by him on behalf of Mrs. Youngblood, and to wait for its payment until the action of Youngblood v. Evans, which was to be instituted by defendant, as attorney for Mrs. Youngblood, should be settled. To this arrangement the defendant, Charles H. Levy, consented, and in final consummation of such arrangement certain letters passed between the parties, which are in evidence, and which constitute the real and final contract or arrangement between this plaintiff and defendant. The letters were as follows:

"January 23, 1914.

"Mr. Morris Weiss, 5 Beekman Street, New York City.

"Dear Sir: As per your arrangement with Mrs. Youngblood, when the action is settled or in any manner disposed of, I will retain out of the moneys paid in settlement or otherwise the sum of $25 as per the arrangement made with Mrs. Youngblood. Will you be kind enough to mail me three discontinuances of the action, signed by you, and dating them.

"Very truly yours,          C. H. Levy."

"January 24, 1914.

"Charles H. Levy, Esq., 26 Court Street, Brooklyn, N. Y.—

"Youngblood vs. Evans.

"Dear Sir: I beg to acknowledge receipt of your communication of January 23d in the above matter; but the contents of same do not cover arrangement that I made with your representative, Mr. Gordon. It was agreed between us that either Mrs. Youngblood sign an agreement giving me a lien of $25 on the cause of action for the services rendered by me for her, or else that you write to the effect that, in consideration of the services rendered by me for Mrs. Youngblood, she has authorized you to retain out of any settlement, compromise, or judgment the sum of $25, which you will pay to me, as per Mrs. Youngblood's agreement with you, upon receipt of the settlement money in the above case. According to the tenor of your letter, it appears as if I had made such arrangement with Mrs. Youngblood, which is, of course, not the fact. Such an arrangement was only made with Mrs. Walker, the sister of Mrs. Youngblood, and Mr. Gordon, your representative, and I think it best that you receive authority from Mrs. Youngblood to retain the $25 out of any

settlement, or judgment, and write me as hereinbefore requested, after which I shall be glad to immediately send you a discontinuance.

"Very truly yours, Morris Weiss."

"January 31, 1914.

"Morris Weiss, Esq., 5 Beekman Street, New York City.

"Dear Sir: In consideration of the services rendered by you in the matter of Mrs. Youngblood's case vs. Evans, I desire to state that Mrs. Youngblood has authorized me to retain the sum of $25 as your fee. The same will be paid over to you, by me, on the final disposition of the matter.

"Very truly yours, Chas. H. Levy."

Mr. Weiss, upon the faith of this last letter, signed the discontinuances of the action brought by him as attorney for Mrs. Youngblood and delivered them to defendant. Defendant thereafter instituted a new action on behalf of Mrs. Youngblood, which action was settled by a clerk in the employ of defendant, who received the money for Mrs. Youngblood upon such settlement, but never paid said money over to the defendant, Levy. Defendant, Levy, testified that he had made an arrangement with Mrs. Youngblood to retain the $25 out of any money received on the settlement, in order to pay plaintiff for his services and disbursements; that the case was settled by defendant's clerk, but for how much he did not know; that none of the money paid in settlement ever came to his hands.

[2] We think that, under the facts disclosed by the record, the plaintiff should have been given judgment. Plaintiff's Exhibit 3, the letter of January 31st above, in connection with his testimony, is, we think, sufficient to hold defendant. It contains a plain representation that defendant was authorized to retain $25 on the settlement of the case for the benefit of the plaintiff, and a positive promise to pay the same over to plaintiff on a settlement of the case. Upon the faith of this letter, plaintiff relinquished his lien and gave discontinuances. The fact that the case was settled by, and the money paid to, the clerk of defendant, and not to defendant personally, is, of course, no defense. There is no denial in the record of the clerk's power to make the settlement and receive the money on behalf of the defendant, and the defendant is therefore responsible as principal.

[3] There is no evidence in the record to show that the defendant made any substantial effort to comply with his agreement with plaintiff. Plaintiff was justified in relying upon the defendant's written promise. Roussel v. Mathews, 62 App. Div. 1, 70 N. Y. Supp. 886.

Judgment reversed, with costs, and judgment awarded to plaintiff as demanded in the summons, with costs in the court below. All concur.