SMITH YOUNG, JR., Respondent, Appellant, *v.* M. P. BERGLAS
MANUFACTURING COMPANY, Appellant, Respondent.

Third Department, May 8, 1930.

*Wallace H. Sidney,* for the plaintiff.

*Robert Seelav,* for the defendant.

DAVIS, J. The plaintiff has recovered judgment for lumber sold
and delivered and has been denied recovery for a part of the lumber
alleged to have been sold at the same time but not accepted by
defendant.

Plaintiff is a lumberman residing in the town of Schoharie. To
his home in the month of December, 1924, came three men,

Mr. Bush, Mr. Levy and Mr. Berglas, the latter being vice-president of the defendant corporation. Bush came for the apparent purpose of introducing Berglas and initiating negotiations. Young had met Levy a short time before, and had sold lumber to Bush which Levy had purchased. Taking plaintiff's version of the transaction, Berglas inquired of plaintiff if he had any pine, hardwood, oak, maple or ash to sell. Plaintiff answered affirmatively and described the different kinds. The price of pine was agreed upon. Bush and Levy took part in the conversation. Levy also talked about buying lumber. The conversation lasted about half an hour. The plaintiff testifies: " Q. Now, when they went out, who went out at first, or how did they go out? A. Mr. Levy and Mr. Bush went out first and Mr. Berglas stayed in just a minute and while he was in there  *  *  *  I asked Mr. Berglas who was going to stand for this lumber and he said, ' All lumber that Levy buys up in this section  *  *  *,  the Berglas Manufacturing Company will pay for it ' and I told Mr. Berglas that I didn't want to trust Mr. Levy for no lumber. Q. Now, after that conversation  *  *  *  did you ship the lumber? A. Yes." This conversation was sharply disputed by the defendant, but we may, for the purposes of this appeal, assume its truth in view of the verdict. However, the plaintiff did not testify that any representations were made to him about Levy's agency for the company; and Levy testified in effect that he was an independent dealer. He says in substance that after further negotiations he purchased the lumber, gave instructions to ship part of it to defendant and part to others who purchased from him.

It appears that the plaintiff drew the lumber to the Schoharie station, that Levy counted some of it and billed the cars out where they were to go. A part was shipped and a part remained piled at the station, not accepted or taken by the purchaser. Berglas had no further relations with plaintiff subsequent to the conversation detailed above. Although seven shipments were made during the following months, plaintiff rendered no bills to defendant after shipment.

On the trial it was held that there were two causes of action — one for the part accepted, the other for the part not accepted. There was but one contract, but it may be divisible. (Pers. Prop. Law, § 156; *Portfolio* v. *Rubin*, 233 N. Y. 439.) If the plaintiff is entitled to recover, the question as to that part not accepted is one related only to the measure of damages. (Pers. Prop. Law, §§ 144, 145.) There is nothing to indicate just where delivery was

to be made, whether at the yard at Schoharie station or on board cars. Whether the property has passed in that part undelivered, is one of intention. (Pers. Prop. Law, § 100; rules 1, 5.▮) It is not clear from the pleading and proof just what plaintiff's theory is in respect to the part not accepted.

The learned trial court held as a matter of law that if the jury believed the version of the conversation given by the plaintiff, they might find a verdict for the purchase price of the amount delivered. In view of the circumstances and the somewhat ambiguous language used at the time the alleged sale was made, we think it was a question of fact as to whether the defendant or Levy was the purchaser. The language might be construed that Berglas intended to make an original contract. On the other hand, it is permissible to draw the inference urged by defendant that it constituted only an oral guaranty of the credit of Levy and, therefore, was void by the Statute of Frauds. (Pers. Prop. Law, § 31, subd. 2.)

An important fact is the relation of Levy to the defendant. There is some evidence that about this time and at a later period he was in the employ and was the purchasing agent of defendant. On the other hand, there is proof that Levy acted as an independent purchaser, gave all directions for shipping, not alone to the defendant but to other purchasers, and made payment to plaintiff on the purchase price by his personal check, taking a receipt in his own name. The question of fact then is: Did the defendant at the time of the conversation intend to make a contract for the purchase of lumber from plaintiff and did the plaintiff so understand it; and were the subsequent acts of Levy performed as the agent and representative of the defendant? In other words, did the minds of these two parties fully meet on the sale of the lumber in question? These questions apply equally to the part of the lumber actually delivered and to that ready for delivery but not accepted. As we have said, the only question regarding the undelivered lumber is one of the measure of damage. We think these questions or those of similar import were not submitted to the jury with proper instructions.

The plaintiff has not sought to recover upon the theory that the defendant was a guarantor of Levy's transaction. The Statute of Frauds was not pleaded by defendant and the question arose only collaterally. It did not appear until the plaintiff gave his testimony just what the plaintiff's theory was. So we think the defendant was justified in raising the question that the contract

established by plaintiff's version of the conversation was void. (*Booker* v. *Heffner,* 95 App. Div. 84; *Williamsburg City Fire Ins. Co.* v. *Lichtenstein,* 181 id. 681.) At any rate the question of pleading was not raised.

There was other evidence that the bargain was only for pine lumber; and proof is lacking concerning any definite agreement with Berglas on terms of purchase of hardwood lumber, for which plaintiff has recovered. There was some proof that Berglas had ratified the acts of Levy in taking and shipping the lumber by participating in sales of lumber bought of Young as well as of others, and had agreed to make payment on the account. But the question was submitted to the jury on the narrow question as to whether there was such a conversation between plaintiff and Berglas as plaintiff detailed — and if the defendant was liable for all lumber delivered. The question of agency was entirely eliminated. The verdict cannot stand on such an unstable basis. We think there should be a new trial on the entire cause of action alleged in the complaint.

The judgment and order should be reversed on the law and the facts, and a new trial granted, with costs to abide the event.

HINMAN, Acting P. J., WHITMYER, HILL and HASBROUCK, JJ., concur.

Judgment and order reversed on the law and facts, and new trial granted, with costs to abide the event.