FLORENCE W. BASSFORD, Appellant, v. ROBERT H. RADSCH, as Executor of ROBERT C. WINMILL, Deceased, Respondent.— Appeal from an order denying a motion to strike out an affirmative defense as insufficient in law (Rules Civ. Prac., rule 109, subd. 6). The decedent, who died on January 31, 1957, was appellant's brother. The complaint alleges that, prior to January 22, 1957, appellant was informed that she required medical and surgical services of an extensive nature and her needs in this regard were communicated to decedent. Thereafter and prior to January 23, 1957 the decedent agreed and promised that, upon appellant's submitting herself to medical treatment, then recommended, and attending to the same at a named hospital and in care of named doctors, he "would, at [appellant's] option, either pay the costs thereof himself, or reimburse [her] for her medical, hospital, surgical and allied expenses in connection with such course of treatment." Appellant duly performed and incurred or paid $9,357.49 for hospital, medical and other services, no part of which was reimbursed or paid although payment was duly demanded of respondent. The answer pleaded an affirmative defense that the agreement set forth in the complaint, if made, was a special promise to answer for the debt, default or miscarriage of another person and that such agreement was not in writing or subscribed by decedent or his lawful agent (Personal Property Law, § 31, subd. 2). Order affirmed, without costs. In our opinion, if the proof at the trial shows that decedent promised appellant that, at appellant's option, he would reimburse appellant, the case would not be within the Statute of Frauds as a special promise to answer for the debt, default or miscarriage of another person (*Tomaso, Feitner & Lane* v. *Brown*, 4 N Y 2d 391; see, e.g., *Reeve* v. *Cromwell*, 227 App. Div. 32; *Jones* v. *Bacon*, 145 N. Y. 446; 2 Williston on Contracts [rev. ed.], § 460; cf. *Richardson Press* v. *Albright*, 224 N. Y. 497). If the proof shows that decedent agreed to pay the costs himself, at appellant's option, that the promise was communicated to the doctors and to the hospital before the services were rendered, and that the doctors and hospital relied on the promise, the case would not be within the Statute of Frauds as a special promise to answer for the debt, default or miscarriage of another person (see, e.g., *Tomaso, Feitner & Lane* v. *Brown, supra*; *Rosenkranz* v. *Schreiber Brewing Co.*, 287 N. Y. 322; *Roussel* v. *Mathews*, 62 App. Div. 1, affd. 171 N. Y. 634; 2 Williston on Contracts [rev. ed.], § 475; Restatement Contracts, § 181, comment a). However, the complaint does not unequivocally allege that decedent made his agreement with appellant herself nor does it unequivocally allege that the doctors and the hospital were informed of the agreement with appellant or on behalf of appellant before they rendered services to appellant. The proof might show that the alleged agreement was in reality and in law a guarantee of payment without beneficial consideration to decedent, a special promise to answer for the debt or default of another person and within the purview of the Statute of Frauds (see, e.g., *Bulkley* v. *Shaw*, 289 N. Y. 133; *Witschard* v. *Brody & Sons*, 257 N. Y. 97; *Richardson Press* v. *Albright, supra*; *Ackley* v. *Parmenter*, 98 N. Y. 425; 2 Williston on Contracts [rev. ed.], § 475). Respondent is sued in his representative capacity and apparently has no personal knowledge of the agreement allegedly made by decedent with or on behalf of appellant. Under the circumstances, the defense should not have been struck out (*Baker* v. *Genesee Brewing Co.*, 271 App. Div. 994). There are issues

which might appear on the trial as to whether the alleged agreement was unenforcible and void for lack of consideration, or as indefinite, or whether, as to services rendered after decedent's death, it was terminated by decedent's death. Such issues are not before us for determination. Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.