Isidor Wasservogel, Spec. Ref.
Plaintiff, a Florida corporation, seeks to recover the sum of approximately $40,000 for rent and other charges arising out of the alleged operation by defendants of its sewing machine department and for moneys due it as a result of an assignment to plaintiff by defendants of accounts receivable.
The amended complaint alleges that on or about November 10, 1955, plaintiff entered into a contract with one John W. Denton, doing business as Florida Sales Co., pursuant to which plaintiff, for a stated amount of rent and other consideration, granted Denton a license to sell sewing machines at retail in plaintiff’s department store in Orlando, Florida. Plaintiff contends that in the course of their business, defendants, as assignees of the Denton contract, made sales amounting to $105,157.71, from which it is entitled to 10% in accordance with the terms of said contract. As a second cause of action, the amended complaint states that plaintiff advanced more than $25,000 to defendants upon the assignment to it, with recourse, of conditional sales contracts which are now in default. Plaintiff also seeks $901 for advertising purportedly done in defendants’ behalf.
Defendants’ answer denies all of plaintiff’s allegations and sets up as an affirmative defense that the contract here involved was entered into by plaintiff, not with defendants, as Denton’s assignees, but with Morse Sewing Center of Orlando, Inc., a Florida corporation. The answer also sets forth two counterclaims in which defendants allege that plaintiff failed to diligently check the credit of purchasers and to diligently enforce collection of said accounts, as a result of which defendants were injured to the extent of more than $25,000.
*574 The method of operation of the leased department was relatively simple. The lessee of the sewing machine department sold the machines on behalf of plaintiff, for cash or credit. All cash was paid to plaintiff. All credit was approved only by plaintiff and all sales contracts were made by the purchaser with plaintiff as the named vendor. No moneys were received by the lessee from the customers and all credit payments were made by the customers directly to plaintiff. At the end of each month, plaintiff rendered to the lessee an accounting, called a “ Settlement Sheet,” which enumerated the gross sales made by the sewing machine department and plaintiff’s deductions therefrom, including rent, advances made by plaintiff, carrying charges included in the credit sales and sales tax. The net amount was then remitted by plaintiff to the lessee by check, regardless of whether the sales set forth in the “ Settlement Sheet ” were for cash or credit. The lessee executed no notes, no assignments of contract or any agreements of repayment when it received these monthly checks from plaintiff.
The credible testimony and documentary evidence clearly establish defendants’ claim that Morse Sewing Center of Orlando, Inc. (hereinafter referred to as the ‘ ‘ Florida corporation”), was the lessee and assignee of the contract here involved. This corporation operated plaintiff’s sewing machine department, rather than either of defendants, as alleged by plaintiff. There is no testimony that the corporate defendant had any connection with any phase of the operation of the leased sewing machine department, nor is there any written instrument in evidence which indicates that this defendant received any money from plaintiff, operated the leased department, agreed to pay plaintiff for moneys advanced to the lessee, or guaranteed plaintiff against any loss in the operation of said department. With the exception of its first check, which was made payable to John W. Denton, each and every check issued by plaintiff in connection with the monthly settlement payments to the lessee was made payable by plaintiff to the Florida corporation and not to the corporate defendant or the individual defendant.
Likewise, nothing in the record warrants the conclusion that the individual defendant personally operated the leased department or personally agreed to indemnify plaintiff against losses of said department. Nowhere in the assignment to the Florida corporation of plaintiff’s contract with John W. Denton is the individual defendant mentioned, either directly or inferentially, as assignee or lessee of the sewing machine department. Plain *575 tiff’s contention that it never consented to this assignment by Denton and that it had no knowledge that the Florida corporation was the lessee must be deemed specious in view of the overwhelming documentary evidence to the contrary. As above noted, all but one of plaintiff’s settlement checks were made out to the Florida corporation and were deposited in this corporation’s bank account. Each of such checks was signed by plaintiff’s store manager and treasurer. This is irrefutable evidence that plaintiff acquiesced in and was fully aware that Morse Sewing Center of Orlando, Inc., was the real lessee of its sewing machine department. If the individual defendant had been the lessee, as plaintiff contends, it could and should have made its checks payable to him and not to the Florida corporation.
It is significant that the so-called “Settlement Sheets” (supra) prepared by plaintiff to support the amount of the checks which it sent to the Florida corporation at the end of each month were addressed to ‘ ‘ Morse Sewing Center of Orlando, Inc.” This is further proof of plaintiff’s knowledge of the fact that the corporate defendant was the lessee of its department. Thus, in view of the foregoing and in light of other documentary evidence adduced upon the trial, the credible proof makes it abundantly clear that, contrary to plaintiff’s contention, the original contract between plaintiff and John W. Denton was assigned, with plaintiff’s knowledge and consent, not to either of the defendants in this action, but to Morse Sewing Center of Orlando, Inc., a corporation not a party to this action.
In the opinion of the court, plaintiff’s own witnesses failed to establish the allegations of its complaint. The credible testimony does not establish plaintiff’s assertion that the individual defendant orally agreed to guarantee any losses to plaintiff in the operation of the sewing machine department. Such an oral agreement, which in effect would require an individual to answer for the debt of another, even if made, would be in violation of the Statute of Frauds and, therefore, unenforcible (Personal Property Law, § 31; Young v. Berglas Mfg. Co., 229 App. Div. 278). Plaintiff has failed to show any basis or reason for this court to ‘ ‘ pierce the corporation veil ’ ’ in order to hold the individual defendant liable for the acts of the Florida corporation. There is nothing in the record to warrant the conclusion that Morse, individually, and not Morse Sewing Center of Orlando, Inc., was the real party in interest in the operation of the leased department here involved. The Florida corpora *576 tion, as a separate personality, may not be disregarded by the court, particularly inasmuch as the credible testimony and documentary evidence clearly establish that plaintiff, at all times, was aware that it was dealing with a corporation and not the individual defendant (see Rapid Tr. Subway Constr. Co. v. City of New York, 259 N. Y. 472, 487-488; Berkey v. Third Ave. Ry. Co., 244 N. Y. 84). Mere identity of officers and directors- or stockholders is insufficient to overcome a separate corporate entity in order to predicate liability on an individual or another controlling corporation (Chess Enterprises v. Beldon Associates, 1 A D 2d 840; Potter v. Minskoff, 2 A D 2d 513, affd. 4 N Y 2d 695; see, also, Lobby Display Frame Corp. v. Steinberg, 114 N. Y. S. 2d 917). Thus, in the absence of even a scintilla of proof of fraud, overreaching or misrepresentation, there is no reason for the court to disregard the separate corporate entity of the Florida corporation with whom plaintiff, knowingly, was dealing. It necessarily follows, therefore, that plaintiff’s complaint against the corporate defendant here and the individual defendant Morse must be dismissed upon the merits, without prejudice, however, to its rights, if any, to proceed against the Florida corporation.
Contrary to defendants’ contention, an examination of the contract between the parties shows that plaintiff made no warranty or agreements with respect to the collection methods or effoi’ts which it would employ in the processing of the credit accounts of the sewing machine department. In the opinion of the court, plaintiff utilized a system of collection which was as careful and practical as the circumstances warranted. There is no proof to justify defendants’ claim that plaintiff failed to exercise or use proper collection methods or that defendants are now entitled to a credit of $5,000 on account of salary which was paid to a credit collection manager. Accordingly, both of defendants’ counterclaims are dismissed on the merits.
Judgment is rendered for defendants on the main case and in favor of plaintiff against both defendants on the counterclaims.
The above constitutes the decision of the court as required by the applicable provisions of the Civil Practice Act.