■ BONDED FORMS, INC., Appellant-Respondent, v. GEORGE P. MORGAN, Respondent-Appellant.— Cross appeals from an order of the County Court of Albany County and the judgment entered thereon in Albany County on July 7, 1972, which modified a judgment of Albany City Court in favor of plaintiff. This action is one to recover for work, labor, and materials. In 1968, one Petersen contracted to build a house and garage for defendant. Petersen in turn contracted with plaintiff to pour the concrete foundations for the house and garage. Defendant paid Petersen on account, but Petersen made no payments to plaintiff on the subcontract. In November, 1968, plaintiff laid the foundation for the house and then refused to perform any further work. Petersen, who communicated the information to defendant and asked him to speak to plaintiff, said the refusal was because plaintiff had not been paid. Petersen further testified that defendant told him that, with regard to payment to subcontractors, of whom plaintiff was one, "He [defendant] would settle it." Plaintiff's President, Grinaldo, testified that defendant visited him and asked why he did not return to the job after pouring the foundation for the house, and "he, more or less, assurred [sic] me that I would be paid for the job, so, on

his say-so, I went back and did the garage." Defendant testified that, in the conversation with Petersen, he expressed his interest in getting the house completed and agreed to speak to Grinaldo. He further testified that he did not state to Grinaldo that he would pay any portion of plaintiff's bill. Plaintiff subsequently did return to the job site and poured the foundation for defendant's garage. Petersen subsequently filed for bankruptcy in February, 1969, and admitted at trial that he owed plaintiff for the work performed on the defendant's house and garage. A suit resulted in a judgment in favor of plaintiff for the full value of the foundation work, which was reduced on appeal to cover only the value of the work on the garage foundation. Plaintiff appeals for the reinstatement of the original City Court judgment, and defendant appeals for reversal of any judgment against him. The only possible contract between plaintiff and defendant that may have been proved is a promise by defendant to answer for Petersen's admitted debt or default to plaintiff. Such a promise must be in writing and subscribed by the party to be charged therewith in order to be enforcible (General Obligations Law, § 5-701 [2]). Grinaldo's testimony at best established a surety relationship which did not remove the alleged promise from the statute (*Witschard* v. *Brody & Sons,* 257 N. Y. 97, 99). Although the Statute of Frauds was not pleaded by defendant, plaintiff's theory did not appear until he gave his testimony. Defendant is, therefore, justified in raising the question that the contract established by plaintiff's version of the conversation is void (*Young* v. *Berglas Mfg. Co.,* 229 App. Div. 278). Since the original agreement between Petersen and plaintiff was for plaintiff to pour the foundations for the house and the garage, defendant may not be held liable to pay for either, absent a subscribed writing. Judgment modified, on the law and the facts, so as to reverse that portion which awarded recovery to plaintiff for work, labor, and materials incident to the pouring of the garage foundation, and, as so modified, affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Reynolds, JJ., concur.