■ GARY KIRTON, Doing Business as KIRTON ELECTRIC, Respondent, v YUNIS REALTY, INC., Appellant.—Appeal from a judgment of the Supreme Court in favor of plaintiff, entered May 24, 1978 in Chemung County, upon a decision of the court at a Trial Term, without a jury. In an amended complaint, plaintiff, an electrical contractor, in his second cause of action seeks damages for breach of an oral contract made with the defendant. The proof was sufficient to permit Trial Term to find, as it did, that plaintiff orally agreed to complete unfinished electrical work on two buildings, the "Millbrook Building" and the "Dairylea Building", in return for defendant's promise to pay for the completed work on the buildings as well as unfinished work. This agreement was made after the general contractor, Latta Brook Builders, with whom plaintiff originally agreed to do the work, defaulted in paying plaintiff moneys due upon completion of portions of the job. After the general contractor's defaults became known, defendant owner told the plaintiff not to worry, that he "would be paid." Shortly thereafter and prior to the date of the oral agreement, defendant issued a check for $1,200 payable to the general contractor and plaintiff. Plaintiff continued work on the project and, on or before February 14, 1972, at a meeting with Nicky Yunis, an officer of defendant, plaintiff was assured that he would be

paid in full because, "I had become the general contractor on the job and Latta Brook Builders had left." At that meeting, it was agreed that defendant would pay plaintiff $2,000 to indicate defendant's good faith. Plaintiff then was given a check in that amount which he deposited in his account. Plaintiff issued checks to his suppliers against that check. Defendant stopped payment on the check, but, after a conference, issued another check for $2,500 in its place. The work on both buildings, including extras, was eventually completed by plaintiff to the satisfaction of the defendant. Although plaintiff thereafter demanded full payment, defendant failed to pay him. Plaintiff then sued for damages. Trial Term dismissed the first cause of action based on an alleged trust agreement for failure of proof and awarded judgment in favor of plaintiff in the sum of $5,517.57 with interest. On appeal, defendant first contends that the alleged agreement between it and the plaintiff was barred by the Statute of Frauds (General Obligations Law, § 5-701, subd a, par 2), arguing that defendant was merely guaranteeing payment to a subcontractor. We disagree. Viewing the totality of the facts and circumstances presented by this record, we find that the parties entered into a new legally binding contract directly with each other, to each other's mutual benefit and detriment for the completion of the work (*Brown Bros. Elec. Contrs. v Beam Constr. Corp.*, 41 NY2d 397; *Carlin Constr. Co. v Whiffen Elec. Co.*, 66 AD2d 684). Appellant next urges that the typed notation, "Balance paid in full on: Dairylea job, Ithaca, New York" appearing above plaintiff's signature on an August 7, 1972 check payable to plaintiff in the amount of $1,276.66 represented an accord and satisfaction. This is refuted by a notation on an invoice, dated August 4, 1972, which reads: "Labor and Mat. from February 15, 1972 till August 8, 1972, Paid in full, Pd. 8/7/72." Trial Term's finding that there was no accord and satisfaction, therefore, should not be disturbed. The August 7 check was for an undisputed sum due for the period indicated and does not involve moneys due for work performed prior to February 15, 1972. We find no merit in appellant's other claims of error. The judgment should be affirmed. Judgment affirmed, with costs. Mahoney, P. J., Greenblott, Kane and Mikoll, JJ., concur; Main, J., not taking part.