■ CONCORDIA GENERAL CONTRACTING, Respondent, v NELSON PELTZ, Appellant. [782 NYS2d 848]—

In an action to compel the payment of amounts owed pursuant to an oral agreement for the performance of services, the defendant appeals from a judgment of the Supreme Court, Westchester County (Barone, J.), dated June 20, 2003, which, after a nonjury trial upon stipulated facts, is in favor of the plaintiff and against him in the principal sum of $31,484.31.

Ordered that the judgment is affirmed, with costs.

In 1999 the defendant owner retained Moon Construction (hereinafter Moon) as general contractor to perform work on his home. Moon, in turn, retained the plaintiff as subcontractor. Moon subsequently ran into financial difficulty and was asked to leave the job before completion of the work. The plaintiff, which had not been paid by Moon for past work performed, reached an oral agreement with the defendant pursuant to which the plaintiff agreed to remain on the job and complete the work, provided that the defendant pay it directly for all future work, as well as pay all outstanding sums for past work performed.

The above facts are undisputed, and the defendant further conceded the amount in controversy (i.e., the amount still owed by him for past work performed by the plaintiff pursuant to the oral agreement). The defendant's only contention, both at trial and on appeal, is that the oral agreement is unenforceable as violative of the statute of frauds (see General Obligations Law § 5-701 [a] [2]). The Supreme Court, after a nonjury trial upon the foregoing stipulated facts, found that the statute of frauds did not preclude enforcement of the parties' contract. We agree.

The defendant's admission of the existence and essential terms of the oral agreement "[was] sufficient to take the agreement outside the scope of the Statute of Frauds" (*Dzek v Desco Vitroglaze of Schenectady,* 285 AD2d 926, 927 [2001]; *see Matisoff v Dobi,* 90 NY2d 127, 134 [1997]; *Bono v Cucinella,* 298 AD2d 483, 484 [2002]). Indeed, the statute of frauds was not enacted "to enable defendants to interpose [it] as a bar to a contract fairly, and admittedly, made" (*Morris Cohon & Co. v Russell,* 23 NY2d 569, 574 [1969] [internal quotation marks omitted]).

In any event, even without regard to the defendant's admission, the Supreme Court properly concluded that the oral agreement did not come within the ambit of the statute of frauds.

Pursuant to General Obligations Law § 5-701 (a) (2), "a special promise to answer for the debt, default or miscarriage of another person" must be "in writing, and subscribed by the party to be charged therewith." Under a longstanding exception to this rule, however, the promise need not be in writing if "it is supported by a new consideration moving to the promisor and beneficial to him" and provided, further, "that the promisor has become in the intention of the parties a principal debtor primarily liable" (*Martin Roofing v Goldstein,* 60 NY2d 262, 265 [1983]). Otherwise stated, "under New York law, when the original debt subsists and was antecedently contracted, an oral promise to pay it is enforceable only when there is consideration for the promise which is beneficial to the promisor *and* the promisor comes under a duty to pay irrespective of the liability of the original debtor" (*id.* at 267).

Both conditions are satisfied here. First, the plaintiff's promise to complete the work despite the general contractor's prior default constituted new consideration flowing to the defendant, as owner, and beneficial to him personally (*see Kirton v Yunis Realty,* 71 AD2d 765 [1979]; *Schild v Monroe Eckstein Brewing Co.,* 108 App Div 50 [1905]; *compare Martin Roofing v Goldstein, supra* at 266-267). Second, the record contains sufficient evidence to find that the defendant, in making the oral promise, intended to become primarily liable for the general contractor's debt (*see Schild v Monroe Eckstein Brewing Co., supra; Kirton v Yunis Realty, supra*), and did not intend to act merely as a surety for the general contractor's benefit (*see Witschard v Brody & Sons,* 257 NY 97 [1931]; *Bonded Forms v Morgan,* 42 AD2d 651, 652 [1973]). Hence, the Supreme Court properly determined that the defendant assumed a primary and independent obligation to pay the plaintiff, and that the oral agreement therefore was not a suretyship agreement subject to the requirements of General Obligations Law § 5-701 (a) (2). Prudenti, P.J., Krausman, Adams and Spolzino, JJ., concur.