DIANE KELLY et al., Respondents, v ANTONIO LICCIARDI et al., Appellants. [799 NYS2d 824]—

In an action, inter alia, for a judgment declaring that the plaintiffs own a 50% interest in the defendant Villa Paradiso Restaurant, Inc., the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Johnson, J.), dated May 6, 2003, as denied that branch of their cross motion which was for summary judgment, and (2) from an order of the same court dated September 10, 2003.

Ordered that the appeal from the order dated September 10, 2003, is dismissed as abandoned, without costs or disbursements (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order dated May 6, 2003, is affirmed insofar as appealed from, without costs or disbursements.

With respect to the order dated May 6, 2003, the Supreme Court properly denied that branch of the defendants' cross motion which was for summary judgment, as the defendants failed to establish their prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Contrary to the defendants' contention, the credibility of the nonmoving party is not a relevant consideration in determining a motion for summary judgment (*see Dyckman v Barrett*, 187 AD2d 553, 554 [1992]). Moreover, for purposes of this appeal, the defendants do not dispute the validity of an "affidavit" purportedly executed by the defendant Antonio Licciardi before a notary public in December 1998, which acknowledged that the plaintiffs own a 50% interest in "Villa Paradiso." The defendants cannot, on the one hand, concede the existence of the underlying agreement claimed by the plaintiffs and, on the other, assert

that, as a matter of law, the agreement is unenforceable as against the statute of frauds (*see Concordia Gen. Contr. v Peltz*, 11 AD3d 502 [2004]). The defendants' alternate contention that the alleged agreement fails for want of consideration raises a disputed issue of fact that must await trial.

The defendants' remaining contentions are without merit. Adams, J.P., S. Miller, Ritter and Fisher, JJ., concur.