■ BERNARD J. PERINI, Appellant, v MARY T. SABATELLI, Respondent. [861 NYS2d 68]—

In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Austin, J.), entered July 17, 2007, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

Enforcement of an oral promise to guarantee the debt of another is barred by the statute of frauds (*see* General Obligations Law § 5-701 [a] [2]). However, there is an exception where the plaintiff can prove that an oral promise to answer for the debt of another "is supported by a new consideration moving to the

promisor and beneficial to [the promisor] and that the promisor has become in the intention of the parties a principal debtor primarily liable" (*Martin Roofing v Goldstein*, 60 NY2d 262, 265 [1983], *cert denied* 466 US 905 [1984]).

In this case, in response to the defendant's prima facie showing of entitlement to judgment as a matter of law on the ground that enforcement of the alleged agreement was barred by the statute of frauds, the plaintiff established that there were triable issues of fact as to whether the alleged oral agreement was supported by new consideration flowing to the defendant and beneficial to her personally, and, if so, whether the defendant, in making the agreement, intended to become primarily liable for the debt (*see Concordia Gen. Contr. v Peltz*, 11 AD3d 502 [2004]). As such, it was error to have granted the defendant's motion for summary judgment dismissing the complaint. Lifson, J.P., Florio, Carni and Belen, JJ., concur. [*See* 16 Misc 3d 1114(A), 2007 NY Slip Op 51418(U).]