■ Yury Nazarov, Appellant, v Felix Abramovich et al., Respondents. [925 NYS2d 178]—

In an action, inter alia, for an accounting and to recover damages for fraud, the plaintiff appeals, inter alia, on the ground of inadequacy, from a judgment of the Supreme Court, Kings County (Battaglia, J.), entered December 15, 2009, which, after a nonjury trial, is in favor of him and against the defendants Felix Abramovich and Bella Faynkikh in the principal sum of only $30,953, and, in effect, dismissed the action against the remaining defendants.

Ordered that the judgment is affirmed, with costs to the defendants Felix Abramovich and Bella Faynkikh.

In 1997 the defendant BFA Management, Inc. (hereinafter BFA), was formed. Its original shareholders were the defendants Felix Abramovich and Bella Faynkikh. On February 2, 1998, the plaintiff purchased an interest in BFA and, upon his purchase, Felix Abramovich and Bella Faynkikh each owned 42.5% of BFA, and the plaintiff owned 15% of BFA.

BFA claims that, in November 1998, the plaintiff borrowed the sum of $50,000 from it, which was paid to two corporations owned by the plaintiff. BFA claims that the plaintiff refused to repay the loan. In 1998, the plaintiff received a distribution from BFA in the sum of $55,000.

In 1999, the plaintiff received a distribution in the sum of $33,576, but his share of corporate income for that year was $114,529. The plaintiff contends that he is entitled to the remaining $80,953.

The plaintiff further contends that, even if the $50,000 payment is considered a loan, he is entitled to retain 15% of it on

the ground that it constituted a corporate asset. The plaintiff also claims that he is entitled to 15% of distributions received by Frank Abramovich and Bella Faynkikh in 1999 which were in excess of their share of corporate income for 1999. In addition, although BFA was legally dissolved in 2001, and the defendants claimed that it ceased operation, the plaintiff contends that BFA continued to operate through 2007, and demands an additional $1,263,488 in distributions for those years.

The trial court found that, since the plaintiff received only $33,576 of his $114,529 share of BFA's income for 1999, he was entitled to the remaining $80,953. It determined that the $50,000 paid to the plaintiff's corporations was in fact a loan to the plaintiff which remained unpaid, set off the $50,000 loan amount from the $80,953, awarded the plaintiff the principal sum of $30,953, and denied the plaintiff further relief.

"Upon review of a determination rendered after a nonjury trial, this Court's authority 'is as broad as that of the trial court' and this Court may 'render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses' " (*Seafood House, Inc. v Pham*, 61 AD3d 663 [2009], quoting *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983] [internal quotation marks omitted]). A determination based upon the credibility of witnesses is entitled to great weight on appeal (*see Schwartz v Schwartz*, 67 AD3d 989, 990 [2009]).

The trial court's determination that the $50,000 received by the plaintiff in November 1998, payable to his corporations, was in fact a loan to the plaintiff, which was not repaid, in whole or in part, was based upon the credibility of witnesses. There is no basis in the record to set aside that determination.

The plaintiff argues that if the $50,000 was a loan, a promise by the plaintiff to repay it constituted a "special promise to answer for the debt . . . of another person" which must be in writing pursuant to the Statute of Frauds (General Obligations Law § 5-701 [a] [2]). However, General Obligations Law § 5-701 (a) (2) does not apply where the promise is supported by new consideration beneficial to the promisor, and the intention of the parties is that the promisor is a principal debtor primarily liable for the debt, and not merely a guarantor for a third party's debt (*see Perini v Sabatelli*, 52 AD3d 588 [2008]; *Concordia Gen. Contr. v Peltz*, 11 AD3d 502, 504 [2004]). In the instant case, Abramovich's testimony established that the $50,000 was lent to the plaintiff because the plaintiff was a shareholder, and, at the plaintiff's request, the money was issued in checks pay-

able to two corporations owned by the plaintiff. Here, new consideration was issued to the plaintiff, apparently for his benefit and furtherance of his interests, and the parties intent was that he would be primarily liable for the debt (*see Bassford v Radsch*, 6 AD2d 804 [1958]). Therefore, the statute of frauds did not apply.

Since the plaintiff refused to repay the loan, it cannot be considered an asset of BFA (*see Matter of Muller*, 28 AD2d 889, 891 [1967], *mod* 24 NY2d 336 [1969]). Since the debt was never repaid, and BFA only sought repayment after the plaintiff sued it, the $50,000 was analogous to a constructive dividend or distribution (*see Shephard v Commissioner of Internal Revenue*, 340 F2d 27, 30 [1965], *cert denied* 382 US 813 [1965]; *Waggaman v Helvering*, 78 F2d 721 [1935], *cert denied* 296 US 618 [1935]; *Haber v Commissioner of Interal Revenue*, 52 TC 255, 261 [1969], *affd* 422 F2d 198 [1970]), which reduced the distribution owed to the plaintiff for 1999 from $80,953 to the amount awarded, the principal sum of $30,953.

At trial, the plaintiff failed to establish that there was a basis for awarding him a share of distributions received by Frank Abramovich and Bella Faynkikh in excess of their share of corporate income for 1999. Those excess distributions apparently constituted a portion of Felix Abramovich's and Bella Faynkikh's share of corporate income from 1998 which was not paid to them until 1999 (*see Inland Asphalt Co. v Commissioner of Internal Revenue*, 756 F2d 1425, 1427 [1985]; *Patton v United States*, 726 F2d 1574 [1984]).

Further, the plaintiff failed to establish that BFA continued to operate; rather, the evidence established that BFA wound up its affairs, and was dissolved, in 2001.

The plaintiff's remaining contentions are without merit. Mastro, J.P., Belen, Chambers and Roman, JJ., concur.