103-55 97th Street, LLC, Respondent,
against
United America Title Company, Appellant. 




Russo & Associates, P.C. (George Russo of counsel), for appellant.
Michael X. Hartofelis, Esq., for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Queens County (David M. Hawkins, J.), entered January 12, 2018. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $4,300.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover the sum of $4,300, alleging that defendant owed it that sum pursuant to defendant's promise to answer for the debt of a third party. Following a nonjury trial, the Civil Court awarded plaintiff the principal sum of $4,300.
This court's review of a small claims judgment is limited to determining whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584, 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). The determination of a trial court as to issues of credibility is given substantial deference, as the trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564, 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference to a trial court's credibility determinations applies [*2]with even greater force to judgments rendered in the Small Claims Part of the court, given the limited standard of review (see CCA 1807; Williams v Roper, 269 AD2d at 126).
New York's statute of frauds requires that an agreement constituting a promise to answer for the debt of another person be memorialized in a writing signed by the party to be charged (see General Obligations Law § 5-701 [a] [2]; Reddy v Mihos, 160 AD3d 510, 514 [2018]; A. F. Supply Corp. v Perfect Lock & Sec., Inc., 143 AD3d 747, 748 [2016]). "However, General Obligations Law § 5-701 (a) (2) does not apply where the promise is supported by new consideration beneficial to the promisor, and the intention of the parties is that the promisor is a principal debtor primarily liable for the debt, and not merely a guarantor for a third party's debt" (Nazarov v Abramovich, 85 AD3d 883, 884 [2011]; see Martin Roofing v Goldstein, 60 NY2d 262, 265 [1983]; Perini v Sabatelli, 52 AD3d 588 [2008]). Here, there is support in the record for the Civil Court's conclusion that defendant's promise to answer for the debt of the third party was supported by a new consideration moving to defendant and beneficial to it and that the parties had intended that defendant become a principal debtor primarily liable (see Martin Roofing, Inc. v Goldstein, 60 NY2d at 265). Thus, substantial justice was done between the parties according to the rules and principles of substantive law and there is no basis for this court to disturb the Civil Court's determination (see CCA 1804, 1807).
Accordingly, the judgment is affirmed.
WESTON, J.P., ALIOTTA and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 6, 2019