BUILDERS MILLWORK Co., INC., et al., Respondents, v. ERIK A. NICOLAYSEN et al., Appellants; DANIEL ZURAW et al., Respondents, et al., Defendants.— In an action to foreclose mechanics' liens, some arising out of subcontracts and some out of contracts with the owners, judgment entered after trial before an Official Referee modified on the law and the facts by striking therefrom the provisions granting deficiency judgments against appellants, or either of them, in favor of the three plaintiffs and the defendants Greeley and Swackhamer, and by striking the names of appellants, or either of them, from the last decretal paragraph. As thus modified, the judgment is affirmed, without costs. Finding of fact numbered 20 is reversed. Findings numbered 7 and 11 are modified by striking the appellants' names therefrom. Conclusion numbered 9 is modified by striking the name of one of the appellants therefrom. Conclusion numbered 14 is modified by striking therefrom the words, " defendants, Erik A. Nicolaysen and Marcia G. Nicolaysen," and substituting in place thereof the words, " out of the proceeds of sale ". The findings and conclusions thus modified, and all other findings and conclusions, except finding numbered 20, are approved. The three plaintiffs and the defendants Greeley and Swackhamer were in contractual relationships with the general contractor and not with appellants; and none of those parties is entitled to personal judgment against appellants. The promise of appellant Erik A. Nicolaysen to plaintiffs Hunt and Foster, to see to it that they were paid, that they would not be " stuck ", is found to have been made, and findings numbered 9 and 38 are permitted to stand. Proper interpretation of the undisputed evidence in connection therewith establishes, however, that the agreement was to answer for the contractor's debt to the subcontractor and was, therefore, void under subdivision 2 of section 31 of the Personal Property Law. (*Bulkley* v. *Shaw*, 289 N. Y. 133; *Halsted* v. *Pelletreau*, 101 App. Div. 125.) The defendants Bardong and Zuraw established their liens. They are entitled to foreclosure and sale and the deficiency provisions against appel-

lants. They are not entitled to additional personal judgments. Adel, Wenzel, Schmidt and Beldock, JJ., concur; Nolan, P. J., dissents as to so much of the modification as vacates the deficiency judgment in favor of the two plaintiffs, Foster and Hunt, and votes to sustain said deficiency judgment with the following memorandum: The learned Official Referee could properly have found that the promise of payment made by appellant Erik Nicolaysen to plaintiffs Hunt and Foster was an original promise to pay, and not a promise to answer for the debt or default of the contractor. (*Rosenkranz* v. *Schreiber Brewing Co.*, 287 N. Y. 322; *Bulkley* v. *Shaw*, 289 N. Y. 133, 140.)