BIENER CONTRACTING CORP., Appellant, *v.* ELBERON RESTAURANT CORP. et al., Defendants, and MORRIS WISHNETZKY, Respondent.

First Department, March 24, 1959.

*Harry Lesser* of counsel (*Samuel Lesser* with him on the brief; *Lesser & Lesser,* attorneys), for appellant.

*Allan Rubin* of counsel (*Isidore A. Seltzer* with him on the brief; *Allan Rubin,* attorney), for respondent.

*Per Curiam.* In this action plaintiff seeks to recover from defendant Morris Wishnetzky, an unpaid balance on certain fixtures sold by plaintiff to defendant Elberon Restaurant Corp., under a conditional sales agreement. Wishnetzky was the holder of a chattel mortgage on other fixtures in Elberon's Restaurant. Elberon being in default in its payments to both plaintiff and Wishnetzky, the latter allegedly proposed that if plaintiff would withhold action, he (Wishnetzky) would foreclose his mortgage, take over the business and pay plaintiff in full. Irving Biener, testifying for plaintiff, stated that when he advised Wishnetzky that he was going to take action to get back his fixtures, Wishnetzky said: " ' Do me a favor. Don't take that action ' * * * ' I have a lot of money invested in this place. You leave the fixtures. I have a mortgage. I am going to go to my lawyer, Mr. Rubin, and let him foreclose the mortgage, and I will take over the place, the obligations. I am going to pay you. I want to run the place myself * * * and I will pay you each and every note in full.' "

Wishnetzky did in fact take over the business and had paid 10 notes of $125 each to plaintiff up to the time the business was finally closed. On the trial, Wishnetzky denied the agreement as claimed by plaintiff, but the court found against him. Unquestionably, the evidence warranted that finding. The Municipal Court allowed judgment to plaintiff for the balance due on the notes ($2,750) less $500 which was realized on the sale of plaintiff's fixtures.

On appeal to the Appellate Term, that court (one Justice dissenting) held that Wishnetzky did not become, " the principal debtor primarily liable " and that plaintiff could not recover, since an oral promise to pay the debt of another is unenforcible because of the Statute of Frauds. Leave to appeal to this court was granted by the Appellate Term.

We think the alleged promise made by Wishnetzky, which was given credence by the trier of the facts, made him independently liable for the balance due on plaintiff's fixtures. Inasmuch as the record establishes that this promise — which was made to induce plaintiff to refrain from repossessing its fixtures under the conditional sales agreement — was given by Wishnetzky in order to secure for himself a business advantage, it is enforcible even though oral (*Raabe* v. *Squier,* 148 N. Y. 81, 87–88; *Kossick* v. *United Fruit Co.,* 166 F. Supp. 571, 575; Restatement, Contracts, § 184, Illus. 2). Had there been no benefit to Wishnetzky and had he given his promise to pay Elberon's obligation merely out of friendship or interest in the latter's plight, then of course, the promise, not being in writing, would be unenforcible in view of the Statute of Frauds (Restatement, Contracts, § 184, Illus. 3). But as indicated, in this case Wishnetzky, in return for his promise, received a definite business benefit.

Accordingly, the determination appealed from, insofar as it modifies the judgment of the Municipal Court by dismissing the second cause of action, should be reversed on the law and on the facts and the judgment of the Municipal Court reinstated, with costs and disbursements to appellant.

BREITEL, J. P., RABIN, VALENTE, McNALLY and STEVENS, JJ., concur.

Determination unanimously reversed on the law and on the facts and the judgment of the Municipal Court in favor of plaintiff against defendant-respondent, Morris Wishnetzky, and the second cause of action contained in the complaint be and they hereby are reinstated, with costs to the appellant in this court, and in the Appellate Term. The findings of fact contained in the majority opinion of the court at the Appellate Term which are inconsistent with the new findings of fact made by this court in its *Per Curiam* opinion are reversed and, in lieu thereof, this court makes the new findings of fact contained in its *Per Curiam* opinion.