■ KARL EHMER FOREST HILLS CORP., Respondent, v CHARLES GONZALEZ, Appellant, et al. Defendant.—In an action to recover damages for breach of an oral contract, the defendant Charles Gonzalez appeals from an order of the Supreme Court, Queens County (Hentel, J.), dated July 8, 1988, which denied his motion pursuant to CPLR 3211 (a) (5) and CPLR 3211 (a) (7) to dismiss the complaint on the grounds that it is barred by the Statute of Frauds and that it fails to state a cause of action against him.

Order that the order is reversed, on the law, with costs, the motion is granted, and the action against the remaining defendant is severed.

An oral promise to guarantee the debt of another is barred by the Statute of Frauds (General Obligations Law § 5-701). However, the oral promise may be taken out of the Statute of Frauds if two requirements are met. First, the promise must represent an independent duty of payment, irrespective of the liability of the principal debtor, and second, the promise must be based upon new consideration which moves the promisor and is beneficial to him *(Martin Roofing v Goldstein,* 60 NY2d 262). Herein, the individual defendant's obligation was secondary to that of the corporate defendant Bergon Construction Corp., of which the individual defendant was an officer. Moreover, the corporate defendant, the original debtor, was not relieved of its obligation by virtue of the individual defendant's subsequent promise. We find that because the individual defendant's oral promise was to answer for the debt of another, it is unenforceable and recovery against him is barred by the Statute of Frauds. Mangano, J. P., Thompson, Bracken and Rubin, JJ., concur.