CAROL MANN et al., Respondents, v HELMSLEY-SPEAR, INC., et al., Appellants.

First Department, March 10, 1992

**APPEARANCES OF COUNSEL**

*Hannah K. Flamenbaum* of counsel *(Donald N. David,*

*Robert P. Reichman* and *Mark E. Maltz* with her on the brief; *Dreyer & Traub,* attorneys), for appellants.

*Laura S. Schnell* of counsel *(Jennifer L. Braun* with her on the brief; *Vladeck, Waldman, Elias & Engelhard, P. C.,* attorneys), for respondents.

### OPINION OF THE COURT

CARRO, J. P.

Plaintiff Carol Mann was employed by Helmsley-Spear, Inc. (HSI) and Brown Harris Stevens, Inc. (BHS) as an account executive managing various Helmsley properties, from 1973 until her involuntary termination on June 17, 1987. Plaintiff Gerald Harris was employed by HSI in a similar capacity from 1976 until his involuntary termination on May 21, 1987. Mann and Harris had received bonuses of $50,000 in or about 1983 for their work over a period of several years on a cooperative conversion of one of the defendants' properties known as Windsor Park.

Plaintiffs alleged that in 1981 they were asked to work on the cooperative conversion of two apartment buildings at another of defendants' properties known as Park West Village, and that they were orally promised compensation according to a formula (the details of which are not pertinent here) over and above their base salaries, similar to the arrangement that had been orally agreed upon with regard to the Windsor Park conversion. Plaintiffs allege that upon completion of their duties with regard to Park West in 1987, they were fired, and that defendants refused to pay them the additional compensation as promised. The instant lawsuit to recover this compensation, commenced in 1988, was supplemented by two causes of action (the third and fourth) alleging tortious interference with contractual and business relations based upon Harris having been fired from a subsequent job in December 1988, at the insistence of the defendant BHS, in retaliation for the commencement of this action.

Prior to the completion of discovery, defendants moved for summary judgment dismissing the first and second causes of action (breach of contract and unjust enrichment) and that part of the first cause of action demanding punitive damages. Plaintiffs cross-moved for leave to add a claim for unpaid wages pursuant to article 6 of the Labor Law. In a decision and order entered June 21, 1990, the IAS court denied defendants' motion for summary judgment, and denied plaintiffs'

cross motion for leave to amend the complaint because a copy of the proposed pleading was inadvertently omitted. Defendants and plaintiffs moved for reargument and renewal, respectively. By decision and order entered October 8, 1990, the IAS court granted reargument to the defendants but adhered to the earlier determination denying their motion for summary judgment, and granted plaintiffs' cross motion for leave to amend their complaint, finding no prejudice to the defendants.

The central issue presented on this appeal concerns defendants' claim that the first two causes of action in the complaint are barred under New York's Statute of Frauds, section 5-701 (a) (1) of the General Obligations Law, which provides as here pertinent:

"(a) Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking:

"1. By its terms is not to be performed within one year from the making thereof".

Defendants argue here, as they did below, that plaintiffs' first two causes of action are barred under this provision because the plaintiffs anticipated that Park West was going to be a "long grueling type of conversion," that the Windsor Park conversion had taken several years, and that the Park West conversion did in fact take approximately six years to complete. Defendants dismiss the deposition testimony of Mann and Harris that the project could have been completed within one year as "simply not credible." However, the defendants' contention concerning the credibility of Harris and Mann's testimony runs afoul of the fundamental principles governing summary judgment determinations, that "[i]ssue-finding, rather than issue-determination, is the key to the procedure" *(Esteve v Abad,* 271 App Div 725, 727), and that "[t]o grant summary judgment it must clearly appear that no material and triable issue of fact is presented" *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404).

Even if the defendants were able to establish on their motion the unlikelihood or near impossibility of the project's completion within one year, and the plaintiffs' expectation that the Park West cooperative conversion would take longer than one year, as it ultimately did, the oral agreement sought to be enforced herein would still be outside the ambit of the Statute of Frauds because the agreement, *by its terms,* was not

incapable of performance within one year.* Numerous cases so holding are summarized in a 1940 ALR annotation (129 ALR 534) entitled *Statute of frauds against oral contracts not to be performed within year as applicable to contracts susceptible by its terms, or by construction, of performance within year, where performance within that time is improbable or almost impossible.*

The general rule is stated thus in 56 NY Jur, Statute of Frauds, § 19:

"The fact that it is improbable, or almost impossible, that an oral contract which is susceptible of performance within one year, will actually be fully performed within such period, generally, but not invariably, does not result in bringing such agreement within the scope of the one-year statute of frauds. Thus, in cases involving this question, but in which the question as to the intention or expectation of the parties as to the length of time before performance would be completed, or as to the necessity that the contract show that it was not to be performed within one year, was apparently not considered, it has been held that such a contract was not within the statute, regardless of whether or not full performance within one year was improbable, or almost impossible.

"The test, then, is possibility or impossibility, rather than probability or improbability, of performance within the statutory period. Oral agreements which might have been susceptible of performance within one year have, however, been held to be within the statute of frauds where it was the intention of the parties that the agreement should continue as a permanent arrangement during the existence of a corporation, which it was expected would be more than one year.

"The courts in some cases have taken the view that unless it appeared from the contract itself that it was not to be performed within one year, an oral contract was not within the statute of frauds even though full performance within that time appeared improbable."

One such case, which is juridically indistinguishable from the case now before us, with respect to the central principle

---

* There are cases in some jurisdictions (Kentucky, Maine and Wyoming) holding to the effect that where it is evident that the parties to an oral contract intended or expected that it would not be completed within one year, although full performance within such time was not impossible, the contract is within the Statute of Frauds (*see,* 72 Am Jur 2d, Statute of Frauds, §§ 9, 12). This does not appear to be the rule currently obtaining in New York (*see, D & N Boening v Kirsch Beverages,* 63 NY2d 449, 454).

under consideration, is *Freedman v Chemical Constr. Corp.* (43 NY2d 260, 265), wherein Chief Judge Breitel stated, with characteristic succinctness and clarity: "[Paragraph] 1 [of General Obligations Law § 5-701 (a)] renders unenforceable an oral agreement which '[b]y its terms is not to be performed within one year from the making thereof'. True, as Chemical asserts, it was unlikely that Freedman's efforts to obtain the construction contract and Chemical's payment, due only upon completion of the plant, would occur within one year. In fact, Freedman admits it took over three years for his own performance and another six until the plant was built. It matters not, however, that it was unlikely or improbable that a $41 million plant would be constructed within one year. The critical test, instead, is whether 'by its terms' the agreement is not to be performed within a year. *(North Shore Bottling Co. v Schmidt & Sons,* 22 NY2d 171, 175-176; *Nat Nal Serv. Stas. v Wolf,* 304 NY 332, 335.) Since neither party has contended that the alleged agreement contained any provision which directly or indirectly regulated the time for performance, the agreement is not within the bar of [paragraph] 1."

We have considered the defendants' other arguments and find them to be without merit. Accordingly, the orders of the Supreme Court, New York County (Carol H. Arber, J.), entered June 21, 1990 and October 8, 1990, which respectively denied defendants' motion for summary judgment dismissing the complaint, and adhered to that determination after granting reargument, should be affirmed, with costs.

MILONAS, ROSENBERGER and ELLERIN, JJ., concur.

Orders of the Supreme Court, New York County, entered June 21, 1990, and October 8, 1990, respectively, are affirmed, with costs.