[607 NYS2d 309]

KENNETH M. FISCHER, Respondent, v KPMG PEAT MARWICK, Formerly Known as PEAT MARWICK MAIN & Co., Appellant.

First Department, February 10, 1994

## APPEARANCES OF COUNSEL

*Dean Ringel* of counsel, New York City *(Kirsten Emigholz* and *Anthony J. Costantini* with him on the brief; *Cahill Gordon & Reindel,* attorneys), for appellant.

*Stuart Abrams* of counsel, New York City *(Michael R. Fleishman* with him on the brief; *Finkelstein Bruckman Wohl Most & Rothman,* attorneys), for respondent.

## OPINION OF THE COURT

NARDELLI, J.

This appeal presents the issue of whether the plaintiff's allegations that the partnership of which he was a member (the Partnership) improperly and in violation of its fiduciary duty to him excluded him from an amelioratory program for retiring partners on its contraction and reorganization state a cause of action within the meaning of CPLR 3211 (a) (7).

Plaintiff alleges in his first cause of action that he was employed by the Partnership in or about June 1969, became a partner in July 1979, and had a career of increasing success and promise until late 1990 or early 1991, when his role was significantly diminished in a reorganization and contraction of the Partnership; that in connection with the reduction of the number of partners, retiring partners were offered certain retirement incentives through a "Partner Streamlining Program" (the Program); that plaintiff's position in the Partnership was seriously and adversely affected by the reorganization and that in February 1991 plaintiff met with several of the Partnership leaders to discuss his career and the possibility of his inclusion in the Program; that in March 1991, after further discussion with other Partnership leaders, plaintiff agreed to defer his request for inclusion in the Program pending action to provide him with a meaningful career-oriented position; that the Partnership on March 15, 1991 agreed to explore such possibility; that after further discussions with the Partnership, plaintiff was informed on June 27, 1991 that his request for inclusion had been denied; that he was forced by such actions of the Partnership to submit his resignation; and that in late July 1991 his request for inclusion in the Program was again denied. Plaintiff seeks a declaratory judgment that he is entitled to be included in as a participant in the Program as of May 1, 1991.

In his second cause of action plaintiff similarly seeks such a declaratory judgment and an award of damages.

In his third cause of action plaintiff alleges that the Partnership and its individual partners owed him "the duty of utmost good faith, loyalty and fairness" and that the failure to include him in the Program was a breach of such duty. He seeks compensatory and punitive damages with respect thereto.

Defendant moved pursuant to CPLR 3211 (a) (7) for an order dismissing the complaint for failure to state a cause of action. The motion court granted dismissal of the second cause of action as redundant, and that part of its decision has not been appealed.

The motion court read the first cause of action as one based on the constructive wrongful expulsion of plaintiff from the firm because of the significant reduction of his role in the Partnership. Defendant contends, however, that plaintiff alleged no facts showing that his departure was anything but voluntary or that the concept of constructive discharge has any application to a partnership at all. Defendant, however, concedes—even argues—that the facts, not pleaded conclusions of law, govern the sufficiency of a complaint. In his third cause of action plaintiff does allege that the Partnership and its individual partners owed plaintiff the duty of utmost good faith, loyalty, and fairness in their mutual dealings, and that they instead acted arbitrarily, capriciously, willfully, and maliciously in reducing his position in the Partnership while at the same time denying him participation in the Program, the intent of which Program was to benefit partners hurt and, in effect, rendered excess by the restructuring. In his affidavit in opposition to the motion to dismiss, plaintiff has alleged that the Partnership's decision not to include him in the Program with other partners similarly situated was made in bad faith and was motivated by the Partnership's desire to gain a business advantage for the remaining partners, to his detriment. In deciding the Partnership's motion to dismiss for facial insufficiency the court must consider the plaintiff's allegations asserted, both in the complaint and in any accompanying affidavits submitted in opposition to the motion, as true and must resolve all inferences which reasonably flow therefrom in favor of the plaintiff (*Joel v Weber*, 166 AD2d 130, 135-136; *see also, Sanders v Winship*, 57 NY2d 391, 394). It is noted that plaintiff had been with the Partnership for 22 years, had been highly compensated, and was only 45 years of

age, so that the extension of the Program's benefits to him would have been costly to the Partnership, that is, to the remaining partners.

It has long been established that partners owe to one another "the duty of the finest loyalty" and that "[m]any forms of conduct permissible in a workaday world for those acting at arm's length, are forbidden to those bound by fiduciary ties. * * * Not honesty alone, but the punctilio of an honor the most sensitive, is then the standard of behavior", and for managing coadventurers "the rule of undivided loyalty is relentless and supreme" *(Meinhard v Salmon,* 249 NY 458, 463-464, 468). The Court of Appeals said in *Meinhard* that it had no thought to hold that defendant Salmon was guilty of a conscious purpose to defraud; very likely, it said, he assumed that with the approaching end of his joint venture with plaintiff Meinhard in one building he might take an opportunity in adjoining buildings for himself, even though he was approached with respect thereto because he was ostensibly the sole lessee of the original building in which he was actually a coadventurer *(supra,* at 467-468).

In the instant case the Partnership contends that there is no cause of action where it chooses not to provide a partner with early retirement benefits but instead encourages him to remain as a partner; in so arguing it raises a question of fact as to whether it did indeed encourage him to remain or whether it sought his departure without its incurring the high costs of the benefits which under the Program would inure to a young and highly paid partner of long service. If the latter, the standard of "the punctilio of an honor the most sensitive" would not have been met.

Although the motion court considered the first cause of action one for constructive wrongful expulsion from the firm, plaintiff concedes that a true constructive discharge occurs only when an employer " 'deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation' " *(Pena v Brattleboro Retreat,* 702 F2d 322, 325 [2d Cir]). Relying on *Halbrook v Reichhold Chems.* (735 F Supp 121 [SD NY]) and *Watts v New York City Police Dept.* (724 F Supp 99 [SD NY]), however, plaintiff argues that dashing an employee's reasonable expectations of advancement may create intolerable conditions rising to a level of constructive discharge. Those cases involved employees, not partners, and allegations of sexual discrimination in violation of Title VII of the Civil Rights Act of 1964 (42 USC

§ 2000e *et seq.)*. Nevertheless, they did treat the discrimination and the constructive discharge separately. And in *Bailey v Binyon* (583 F Supp 923, 929 [ND Ill]), with respect to the constructive discharge issue, the court said that the question is whether the employer has made working conditions so difficult that a reasonable person would feel forced to resign and since what a just, reasonable person would or would not do under certain circumstances is a question of fact, the issue of constructive discharge should be left to the trier of fact.

The issue of constructive wrongful expulsion from the firm is analogous to the foregoing cases dealing with constructive discharge of an employee and should similarly be left to the trier of fact. The issue of whether the remaining partners acted with the "finest loyalty" toward plaintiff or acted with a primary regard to their own interests in disregard of such loyalty should likewise be decided by the trier of fact.

Accordingly, order, Supreme Court, New York County (Peter Tom, J.), entered November 16, 1992, which denied, in part, the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the verified complaint, is unanimously affirmed, without costs.

SULLIVAN, J. P., ELLERIN and KUPFERMAN, JJ., concur.

Order, Supreme Court, New York County, entered November 16, 1992, which denied, in part, defendant's motion to dismiss the verified complaint, unanimously affirmed, without costs.