■ KARMA EQUITIES, LTD., Respondent, v JAMES T. GUC-CIARDO, Appellant. [620 NYS2d 1001] —In an action to recover payment of an alleged loan, the defendant James T. Gucciardo appeals from (1) a judgment of the Supreme Court, Nassau County (Yachnin, J.), dated June 15, 1992, which, upon a jury verdict, is in favor of the plaintiff and against him in the principal sum of $40,000, and (2) a resettled judgment of the same court, entered August 24, 1992, which is also in favor of the plaintiff and against him in the principal sum of $40,000.

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the resettled judgment; and it is further,

Ordered that the resettled judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

Contrary to the defendant's contention, the trial court did not improvidently exercise its discretion in denying his motion to amend his answer to include the affirmative defense that the plaintiff's action was barred by the Statute of Frauds (see, General Obligations Law § 5-701). The loan agreement was fully capable of being performed within one year and, therefore, was not covered by the statute (see, D & N Boening v Kirsch Beverages, 63 NY2d 449; North Shore Bottling Co. v Schmidt & Sons, 22 NY2d 171, 175; Mann v Helmsley-Spear, Inc., 177 AD2d 147). Thus, the proposed amendment was devoid of merit (see, Crimmins Contr. Co. v City of New York, 74 NY2d 166; Nasuf Constr. Corp. v State of New York, 185 AD2d 305; Brown v Samalin & Bock, 155 AD2d 407; Right Turn v Sloan, 88 AD2d 889).

We have reviewed the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Lawrence, Ritter and Joy, JJ., concur.

■ CARL LANZISERA, Appellant, v ELLIOT M. EPSTEIN et al., Respondents. [620 NYS2d 1001] —In an action, inter alia, to recover damages for malicious prosecution, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Leis, J.), dated June 17, 1993, which denied his motion to restore the action to the calendar.

Ordered that the order is affirmed, with costs.

We find no basis on this record to disturb the Supreme Court's conclusion that the plaintiff's motion was totally lacking in merit. O'Brien, J. P., Hart, Goldstein and Florio, JJ., concur.