■ MARJORIE LUCHS, Respondent, v RICHARD J. COBURN, Appellant. [628 NYS2d 92] —Order, Supreme Court, New York County (Angela Mazzarelli, J.), entered on or about October 14, 1994, which granted plaintiff's motion to amend her complaint and denied defendant's cross motion for partial summary judgment, unanimously affirmed, with costs.

Leave to amend pleadings is to be "freely given" "at any time" (CPLR 3025 [b]) "absent prejudice or surprise resulting directly from the delay" (*Fahey v County of Ontario*, 44 NY2d 934, 935; *Pegno Constr. Corp. v City of New York*, 95 AD2d 655, 656).

To grant summary judgment, it must clearly appear that no material and triable issue of fact is presented (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395), issue finding, rather issue determination, being the key to the procedure (*Mann v Helmsley-Spear, Inc.*, 177 AD2d 147, 149).

The IAS Court properly denied defendant's cross motion for partial summary judgment since, at best, defendant merely raised issues of fact as to whether the complained of care may be considered "continuous", under the continuous treatment doctrine exception (*Borgia v City of New York*, 12 NY2d 151), rather than a number of discrete and completed incidents of medical intervention and care. Plaintiff was properly permitted to amend her complaint where defendant failed to establish prejudice or surprise. Defendant can hardly claim surprise that, following depositions and representation by new counsel, plaintiff seeks to amend her pleadings to assert that a continuous series of facial surgeries and procedures resulted in the loss of skin and acute infection causing her present permanent paralysis and bone, muscle and nerve atrophy. Concur—Rosenberger, J. P., Wallach, Rubin and Tom, JJ.