■ BART AND SCHWARTZ, Appellant, v HOWARD TELLER et al., Respondents. [646 NYS2d 24]

The plaintiff law firm, Bart and Schwartz, was retained by A.O.T., Inc., and Age of Tours, Inc. (hereinafter collectively referred to as AOT), to represent them in negotiations with a potential purchaser. The negotiations broke down and AOT eventually filed for bankruptcy, and the plaintiff's claim for legal fees was discharged in bankruptcy. Thereafter, the plaintiff commenced this action against the defendants Howard Teller and Fred Klier, who were stockholders and officers of AOT, to recover for the legal services rendered to AOT. The plaintiff alleged that on several occasions the defendants had orally promised to make payment on the invoices issued to the

corporation. The defendants moved, pursuant to CPLR 3211 (a) (5), to dismiss the complaint's second and third causes of action on the ground that they were barred by the Statute of Frauds. The Supreme Court, *inter alia,* dismissed the second and third causes of action of the complaint. We now affirm.

An oral promise to guarantee the debt of another is barred by the Statute of Frauds (*see,* General Obligations Law § 5-701). However, an oral promise may be enforced if the promise represents an independent duty of payment, irrespective of the liability of the principal debtor, and the promise is based upon new consideration moving to and beneficial to the promisor (*see, Ehmer Forest Hills Corp. v Gonzalez,* 159 AD2d 613). In the case before us, the defendants' alleged obligation was secondary to that of AOT. Moreover, AOT, the original debtor, was not relieved of its obligation by virtue of the defendants' subsequent promise. Therefore, as the defendants' alleged oral promise was to answer for the debt of another, it is unenforceable under the Statute of Frauds.

We have considered the plaintiff's remaining contentions and find them to be without merit. Mangano, P. J., Rosenblatt, Ritter and Copertino, JJ., concur.