■ JOSEPH LEVY, Respondent, v SCHNADER, HARRISON, SEGAL & LEWIS, Appellant. [648 NYS2d 572] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered December 28, 1995, which denied, in part, defendant's motion for partial summary judgment, unanimously modified, on the law, to the extent of dismissing the third cause of action and otherwise affirmed, without costs.

The third cause of action concerning alleged age discrimination is dismissed since the record demonstrates that plaintiff was a "partner" of the defendant law firm as opposed to an "employee" of said firm and thus lacks standing to sue pursuant to section 296 of the Executive Law (see, Ehrlich v Howe, 848 F Supp 482, 489; Hyland v New Haven Radiology Assocs., 794 F2d 793, 797).

We also find that defendant's oral agreement to pay or "advance" plaintiff the money owed to plaintiff by a client of the firm on the condition that plaintiff would not institute arbitration proceedings against the client, does not violate the Statute of Frauds. It is possible that the agreement could be performed within one year (see, Mann v Helmsley-Spear, Inc., 177 AD2d 147, 150; Karma Equities v Gucciardo, 210 AD2d 456). Moreover, the oral agreement does not constitute a promise to answer for the debts of another under General Obligations Law § 5-701 (a) (2) since defendant law firm clearly received substantial consideration by agreeing to pay the money to plaintiff and thus became independently liable to plaintiff (see, Biener Contr. Corp. v Elberon Rest. Corp., 7 AD2d 391, 393).

Finally, as triable issues of fact exist as to whether plaintiff was constructively expelled from defendant firm in breach of the Partnership Agreement, summary judgment on this claim was properly denied (see, Fischer v KPMG Peat Marwick, 195 AD2d 222). Concur—Sullivan, J. P., Milonas, Rubin, Williams and Andrias, JJ.