■ PHYLLIS H. KRAMER et al., Respondents, v HARRINGTON WELLS & RHODES, LTD., Defendant, and JOSEPHINE STOCKLI-NAPOLITANO et al., Appellants. [711 NYS2d 507] —In an action commenced pursuant to CPLR 3213 in which the moving and answering papers were deemed the complaint and the answer, the defendants Josephine Stockli-Napolitano and Vincent Napolitano appeal from so much of an order of the Supreme Court, Nassau County (Winslow, J.), dated March 31, 1999, as denied their cross motion to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The three plaintiffs made separate loans to the corporate defendant, Harrington Wells & Rhodes, Ltd. Each of the loans was secured by a promissory note. The corporate defendant made timely interest payments pursuant to the promissory notes, but defaulted on the principal when it became due. Fol-

lowing the default, the individual defendants Josephine Stockli-Napolitano, the officer of the corporation who signed the promissory note, and her husband, Vincent Napolitano, prevailed on the plaintiffs to forbear legal action against the corporate defendant so as not to affect the pending sale of the corporation. In exchange for that forbearance, the Napolitanos promised to personally pay the amounts due under the promissory notes after the corporation was sold.

After the Napolitanos defaulted, the plaintiffs instituted this action pursuant to CPLR 3213 for summary judgment in lieu of complaint. The Napolitanos cross-moved to dismiss the action insofar as asserted against them pursuant to CPLR 3211 (a), contending that any oral promise they may have made would be a promise to answer for the debt of another which is barred by the Statute of Frauds. The Supreme Court found that relief pursuant to CPLR 3213 was not available in this case, and deemed the moving and answering papers to be the complaint and answer.

The Supreme Court properly denied the cross motion. The plaintiffs alleged that the Napolitanos secured the forbearance of legal action against the corporate defendant in order to gain a business advantage, namely to profit from the sale of the corporation. The plaintiffs also alleged that the Napolitanos intended to "take over the entire obligation" and, thus, to become primarily liable for the debt (*see, Biener Contr. Corp. v Elberon Rest. Corp.,* 7 AD2d 391; *Levy v Schnader, Harrison, Segal & Lewis,* 232 AD2d 321). These allegations supported the plaintiffs' stated cause of action against the Napolitanos and removed this case from the Statute of Frauds (*see, Martin Roofing v Goldstein,* 60 NY2d 262, *cert denied* 466 US 905; *Bart & Schwartz v Teller,* 228 AD2d 630, 631; *Ehmer Forest Hills Corp. v Gonzalez,* 159 AD2d 613). Under the facts of this case, the fact that the corporate defendant was named as a party to the action was not indicative of the parties' intent. Ritter, Sullivan and Smith, JJ., concur.

O'Brien, J. P., dissents and votes to reverse the order insofar as appealed from, grant the cross motion, and dismiss the complaint insofar as asserted against the appellants, with the following memorandum: I conclude that the Statute of Frauds bars enforcement of the oral promise allegedly made by the appellants Josephine Stockli-Napolitano and Vincent Napolitano. Accordingly, I would reverse the order and grant the appellants' cross motion to dismiss the complaint insofar as asserted against them.

Generally, a promise to answer for the debt of another is

unenforceable unless it is in writing (*see,* General Obligations Law § 5-701 [a] [2]). If the promise is not in writing, it may nevertheless be enforceable if the plaintiff can prove that the promise is "supported by a new consideration moving to the promisor and beneficial to him *and* that the promisor has become in the intention of the parties a principal debtor primarily liable" (*Martin Roofing v Goldstein,* 60 NY2d 262, 265 [emphasis added], *cert denied* 466 US 905; *see also, Ehmer Forest Hills Corp. v Gonzalez,* 159 AD2d 613). In other words, in addition to proof of consideration, the plaintiffs must show that "the parties intended, as ascertained from the language used and from all the facts and circumstances surrounding the transaction * * * that an independent contract was created between them which obligated [the appellants] to satisfy the corporation's debt in any event" (*Martin Roofing v Goldstein, supra,* at 265). "There are several recognized tests for determining whether the promise created an independent duty to pay irrespective of the original debtor's liability * * * it is said that presumptively the new promise is unenforceable unless the corporation was discharged from its underlying obligation. Obviously the corporation's debt was not discharged by the promise here because [the] plaintiff sued the corporation on it" (*Martin Roofing v Goldstein, supra,* at 267-268).

Accepting the plaintiffs' allegations as true, I agree with my colleagues that the plaintiffs presented legally sufficient evidence that their promise to forbear collecting on the promissory notes constituted new consideration beneficial to the appellants since the appellants were in the process of selling their interest in the corporation. However, the plaintiffs failed to present legally sufficient evidence that the parties intended to discharge the corporation from its underlying obligation if the appellants failed to personally pay the amounts due on the notes. Although the appellants allegedly expressed their desire that the corporation be sold free of these debts, the plaintiffs never asserted that they agreed to relieve the corporation of its liability on the notes. And, in fact, the plaintiffs sued the corporation on the underlying debt. Enforcement of the promise allegedly made by the appellants is barred by the Statute of Frauds, and the complaint should be dismissed insofar as asserted against them (*see, Bart & Schwartz v Teller,* 228 AD2d 630; *Ehmer Forest Hills Corp. v Gonzalez, supra*).