■ HAMBURGER, MAXSON & YAFFE, L. L. P., Appellant, v SHELDON H. SOLOW, Respondent, and ULYSSES I & CO., INC., Defendant. [716 NYS2d 892] —In an action, *inter alia*, to recover an attorney's fee, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated September 17, 1999, which granted the defendants' motion pursuant to CPLR 3211 (a) (5) and 3211 (a) (7) to dismiss the fourth and fifth causes of action insofar as asserted against the defendant Sheldon H. Solow individually.

Ordered that the order is affirmed, with costs.

In the fourth and fifth causes of action asserted in the complaint, the plaintiff sought to recover an attorney's fee and costs from the defendant Sheldon H. Solow and the defendant Ulysses I & Co., Inc. (hereinafter Ulysses), in connection with its representation of Ulysses in certain real estate litigation. The Supreme Court properly granted the defendants' motion to dismiss those causes of action insofar as asserted against Solow individually. Although the plaintiff claimed that Solow was actually its client in the real estate litigation, the retainer agreement was between the plaintiff and Ulysses, and the plaintiff cannot rely on parol evidence to vary the terms of the agreement (*see, W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162-163; *North Fork Bank & Trust Co. v Romet Corp.,* 192 AD2d 591, 592). Furthermore, any alleged oral promise by Solow to answer for the debt of Ulysses is unenforceable under the Statute of Frauds (*see, Paul, Weiss, Rifkind, Wharton & Garrison v Westergaard,* 75 NY2d 755; *Bart & Schwartz v Teller,* 228 AD2d 630, 631; General Obligations Law § 5-701 [a] [2]). Bracken, J. P., O'Brien, Santucci and McGinity, JJ., concur.