■ CDJ BUILDERS CORP., Appellant, v HUDSON GROUP CONSTRUCTION CORP. et al., Defendants, and CHARTER DEVELOPMENT COMPANY, LLC, et al., Respondents. [889 NYS2d 64]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated August 25, 2008, as granted those branches of the motion of the defendants Israel Prus, Charter Development Company, LLC, and Bouma Corporation which were for summary judgment dismissing the fifth and sixth causes of action insofar as asserted against the defendants Bouma Corporation and Charter Development Company, LLC, respectively.

Ordered that the order is affirmed insofar as appealed from, with costs.

In June 2004 the plaintiff CDJ Builders Corp. (hereinafter CDJ) through its principal Louis Alba entered into a written contract with the defendant Hudson Group Construction Corp. (hereinafter Hudson) through its principal, the defendant Israel Prus. Hudson was a prime contractor on a construction project in Brooklyn, and it retained CDJ as one of its subcontractors. The defendant Charter Development Company, LLC (hereinafter Charter), owned the premises where the construction work took place and had retained the defendant Bouma Corporation (hereinafter Bouma) as the project's construction manager. Bouma retained the prime contractors on the project, including Hudson. At some point after CDJ had completed its work under the contract, a dispute arose between it and Hudson as to the amount of money Hudson owed CDJ. Hudson and CDJ ultimately agreed that the final amount due and owing was $97,000. In or around June 2005, Hudson issued two checks payable to CDJ. The first check was in the amount of $27,000 and the second check was in the amount of $70,000. CDJ deposited both checks. The first check cleared, but Prus stopped payment on the second check. According to Alba, Bouma's project manager had earlier made an oral promise to him that Bouma would delay payment to Hudson on the prime contract until CDJ received full payment from Hudson. Bouma's project manager denies that any such conversation took place or that any such promise was made.

The Supreme Court properly granted those branches of the motion which were for summary judgment dismissing the fifth and sixth causes of action alleging breach of contract insofar as asserted against Bouma and Charter, respectively.

"Liability for breach of contract does not lie absent proof of a contractual relationship or privity between the parties" (*Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp.*, 64 AD3d 85, 104 [2009]). As a general rule, a subcontractor is in privity with the general contractor on a construction project, but is not in privity with the owner even if the owner has benefitted from the contractor's work (*id.* at 104).

Here, the written contract was between CDJ as subcontractor and Hudson as a prime contractor. Neither Bouma nor Charter was a signatory to the contract. Therefore, CDJ was not in privity with either Bouma or Charter.

While CDJ alleges that Bouma made an oral promise to Alba to delay final payment to Hudson until Hudson's checks to CDJ had been deposited and cleared, an oral promise to guarantee the debt of another is barred by the statute of frauds (*see* General Obligations Law § 5-701 [a] [2]; *Perini v Sabatelli*, 52 AD3d 588 [2008]). An exception to this rule is where the plaintiff can prove that the oral promise was supported by new consideration benefitting the promisor and that the promisor has become primarily liable on the debt (*see Martin Roofing v Goldstein*, 60 NY2d 262, 265 [1983], *cert denied* 466 US 905 [1984]; *Concordia Gen. Contr. v Peltz*, 11 AD3d 502 [2004]; *Bart & Schwartz v Teller*, 228 AD2d 630, 631 [1996]). Here, CDJ failed to proffer any evidence demonstrating that, by making the purported oral promise, Bouma received any new consideration or that it became primarily responsible for Hudson's debt.

Moreover, CDJ's contention that Bouma's purported promise to delay payment to Hudson did not constitute a promise to "answer for the debt, default or miscarriage of another person" (General Obligations Law § 5-701 [a] [2]) is without merit (*see Bart & Schwartz v Teller*, 228 AD2d at 631; *Builders Millwork Co., Inc. v Nicolaysen*, 282 App Div 765 [1953]).

The plaintiff's remaining contentions are either improperly raised for the first time on appeal or without merit. Mastro, J.P., Miller, Angiolillo and Austin, JJ., concur.