<partyblock>

Adam S. Mimran, Appellant,  

against

Dr. Stewart Kalatsky, Respondent.

Adam S. Mimran, appellant pro se.

Eliezer A. Cohen, Esq., for respondent.

Appeal, on the ground of inadequacy, from a judgment of the District Court of Nassau County, Second District (Darlene D. Harris, J.), entered September 13, 2017. The judgment, insofar as appealed from, after a nonjury trial, awarded plaintiff the principal sum of only $1,025.

ORDERED that the judgment, insofar as appealed from, is affirmed, without costs.

Plaintiff commenced this small claims action to recover the principal sum of $2,550 based on a breach of contract. Defendant counterclaimed to recover the sum of $2,550, alleging that plaintiff had rendered his services in a negligent manner. Defendant's motion to dismiss the action on the ground that plaintiff lacked standing to sue
was orally denied by the court. At a nonjury trial, the documentary evidence submitted by plaintiff indicated that he was an independent contractor for Marquis Auto, an entity whose president was Soly Bawabeh, and that it was Marquis Auto which had entered into a contract with defendant to provide brokerage services for defendant's lease of a motor vehicle from BMW of Springfield. The evidence further showed that defendant had received an invoice from Marquis Auto and that Marquis Auto had charged defendant's credit card the sum of $2,050, which had then forwarded the payment to BMW of Springfield. Following the trial, the District Court awarded plaintiff the principal sum of $1,025 and dismissed the counterclaim. Plaintiff appeals, on the ground of inadequacy, from so much of the judgment as awarded him the principal sum of only $1,025.

It is well settled that "[l]iability for breach of contract does not lie absent proof of a contractual relationship or privity between the parties" (see CDJ Bldrs. Corp. v Hudson Group [*2]Constr. Corp., 67 AD3d 720, 722 [2009] [internal quotation marks omitted]). As the documentary evidence plaintiff submitted indicated that Marquis Auto was the entity which had entered into the contract with defendant, and that plaintiff was an independent contractor of Marquis Auto, plaintiff was not in privity with defendant even if defendant had benefitted from plaintiff's work (see CDJ Bldrs. Corp. v Hudson Group Constr. Corp., 67 AD3d 720).

Under the circumstances, plaintiff lacked standing to sue defendant on the contract between Marquis Auto and defendant, and, thus, there is no basis to increase the award in favor of plaintiff. As defendant did not cross-appeal, we affirm the judgment, insofar as appealed from.

TOLBERT, J.P., GARGUILO and EMERSON, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: March 28, 2019

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>