Villnave Constr. Servs., Inc. v Crossgates Mall Gen. Co. Newco, LLC (2022 NY Slip Op 00235)





Villnave Constr. Servs., Inc. v Crossgates Mall Gen. Co. Newco, LLC


2022 NY Slip Op 00235


Decided on January 13, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 13, 2022

532660
[*1]Villnave Construction Services, Inc., Plaintiff,
v
Crossgates Mall General Company Newco, LLC, et al., Defendants, and Waxy O'Connor's Management Company New England, LLC, Appellant, and Trinity Building and Construction Management, Corp., Defendant and Third-Party Plaintiff-Respondent; Paul McKenna et al., Third-Party Defendants-Appellants, et al., Third-Party Defendants.

Calendar Date:December 16, 2021

Before:Garry P.J., Lynch, Aarons and Reynolds Fitzgerald, JJ.

Cooper Erving & Savage LLP, Albany (Matthew E. Minniefield of counsel), for appellant and third-party defendants-appellants.
Clark Guildin, Attorneys at Law, New York City (Janesa Urbano of counsel), for defendant and third-party plaintiff-respondent.



Garry, P.J.
Appeal from an order of the Supreme Court (Mackey, J.), entered November 2, 2020 in Albany County, which denied a motion by defendant Waxy O'Connor's Management Company New England, LLC and third-party defendants Paul McKenna, Ashok Patel, Amisha II, LLC and Jamsan Hotel Management, Inc. to dismiss certain causes of action in the third-party complaint against them.
In 2016, third-party defendant Crossgates Mall Devco, LLC (hereinafter Crossgates) entered into a commercial lease agreement with third-party defendant Albany MIB+K, LLC [FN1] for the purpose of allowing the latter to operate a franchise restaurant within Crossgates Mall. In March 2017, defendant Waxy O'Connor's Management Company New England, LLC and Albany MIB+K negotiated an agreement with defendant Trinity Building and Construction Management, Corp. to provide construction management and design services necessary to build out the premises to be consistent with other Waxy's Modern Irish Bar and Kitchen franchise locations. Trinity provided construction and design services, but Albany MIB+K began to fall behind on payments due under the contract. As a result, Waxy O'Connor's Management Company and third-party defendants Paul McKenna, Ashok Patel, Amisha II, LLC, and Jamsan Hotel Management, Inc. (hereinafter collectively referred to as the Waxy defendants), as well as Crossgates, allegedly promised to pay Trinity if it would continue improving the premises. Trinity alleges that Albany MIB+K's sole purpose was to hold the lease in the premises.
When Trinity received notice that Albany MIB+K had filed for bankruptcy, Trinity reached out to the Waxy defendants to "discuss their intentions." Trinity alleges that both McKenna and Patel advised it that they, "either individually, jointly, severally or via Amisha, Jamsan . . . or other alter ego entities, would make any payments due and owing Trinity from [Albany MIB+K] so long as Trinity would," among other things, suspend its ability to terminate the contract for nonpayment and continue to provide construction services. Trinity relied upon that guarantee to continue providing construction services but only received partial payment from Amisha for that work. Albany MIB+K and Crossgates did not resolve their issues, prompting Crossgates to terminate the lease agreement. After plaintiff, a subcontractor of Trinity, commenced this action to recover for unpaid services, Trinity brought cross claims and third-party claims asserting, as relevant here, causes of action against the Waxy defendants for quantum meruit, unjust enrichment, promissory estoppel, alter ego liability and breach of guarantee. The Waxy defendants moved to dismiss these causes of action pursuant to CPLR 3211 (a) (7), and now appeal from Supreme Court's order denying that motion.
"When reviewing a defendant's motion to dismiss a complaint for failure to state a cause of action, a court must give the complaint a liberal construction, accept the allegations as true and [*2]provide [the nonmoving party] with the benefit of every favorable inference" (Nomura Home Equity Loan, Inc., Series 2006-FM2 v Nomura Credit & Capital, Inc., 30 NY3d 572, 582 [2017] [internal quotation marks and citation omitted]: see Doller v Prescott, 167 AD3d 1298, 1299 [2018]). With respect to a motion pursuant to CPLR 3211 (a) (7), the relevant inquiry is "whether the facts as alleged fit within any cognizable legal theory" (Meyer v Zucker, 160 AD3d 1243, 1245 [2018] [internal quotation marks and citations omitted], lv denied 32 NY3d 905 [2018]; see Doller v Prescott, 167 AD3d at 1299). Turning to Trinity's third-party complaint, "[t]he existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter. A 'quasi contract' only applies in the absence of an express agreement, and is not really a contract at all, but rather a legal obligation imposed in order to prevent a party's unjust enrichment" (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987] [citations omitted]). However, "where
. . . the existence of the contract is in dispute, the plaintiff may allege causes of action to recover for unjust enrichment and in quantum meruit as alternatives to a cause of action alleging breach of contract" (Thompson Bros. Pile Corp. v Rosenblum, 121 AD3d 672, 674 [2014]; see First Class Concrete Corp. v Rosenblum, 167 AD3d 989, 990 [2018]; Joseph Sternberg, Inc. v Walber 36th St. Assoc., 187 AD2d 225, 228 [1993]). Although a party may not recover under both contract and quasi contract theories, a party may allege such theories alternatively — even to the point of submitting both to the jury — and recover under quantum meruit or unjust enrichment if he or she "fails to establish the right to recover upon an express contract" (Joseph Sternberg, Inc. v Walber 36th St. Assoc., 187 AD2d at 228 [internal quotation marks and citation omitted]; see Auguston v Spry, 282 AD2d 489, 491 [2001]; Niagara Mohawk Power Corp. v Freed, 265 AD2d 938, 939 [1999]; Haythe & Curley v Harkins, 214 AD2d 361, 362 [1995]). As the third-party complaint alleges that Albany MIB+K filed for bankruptcy, arguably calling into question whether an enforceable contract existed, Trinity was permitted to plead causes of action for breach of contract as well as quantum meruit and unjust enrichment. There is no requirement that the pleading explicitly state that those causes of action are pleaded in the alternative or that some are hypothetically applicable only if another cause of action is deemed inapplicable (see CPLR 3014 [permitting separate causes of action to be "stated regardless of consistency" and "alternatively or hypothetically"]; Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3014:8 [explaining that "(n)o special formula or choice of words is necessary for hypothetical pleading. An 'if' or 'when' [*3]or 'since' may be used, but is not required"]).
The Waxy defendants further argue that the quantum meruit and unjust enrichment causes of action were insufficient because Trinity failed to articulate how those defendants benefited from Trinity's actions. "[T]o recover under a theory of quasi contract, a plaintiff must demonstrate that services were performed for the defendant resulting in its unjust enrichment. It is not enough that the defendant received a benefit from the activities of the plaintiff; if services were performed at the behest of someone other than the defendant, the plaintiff must look to that person for recovery" (Kagan v K-Tel Entertainment, 172 AD2d 375, 376 [1991] [citations and emphasis omitted]; see Heller v Kurz, 228 AD2d 263, 264 [1996]). The third-party complaint alleges that Trinity originally performed construction services under a contract with, and for, Albany MIB+K but, after that party's bankruptcy filing, the Waxy defendants requested that Trinity continue to perform its services and assured Trinity of payment for those services. If work is performed at a party's behest, pursuant to an express promise of payment therefor, the plaintiff need not establish that such party received a benefit in order to recover under a quasi contract theory (see Pulver Roofing Co., Inc. v SBLM Architects, P.C., 65 AD3d 826, 827 [2009]). Construed liberally, the allegations adequately pleaded all the elements of quantum meruit and unjust enrichment against the Waxy defendants.
"To establish a viable cause of action sounding in promissory estoppel, the aggrieved party must allege (1) a clear and unambiguous promise, (2) reasonable and foreseeable reliance by the party to whom the promise is made, and (3) an injury sustained in reliance on the promise" (Fleet Bank v Pine Knoll Corp., 290 AD2d 792, 797 [2002] [internal quotation marks, brackets and citations omitted]; see Andrew R. Mancini Assoc., Inc. v Murphy Excavating Corp., 172 AD3d 1664, 1666 [2019]). Trinity alleged that the Waxy defendants own and control Albany MIB+K, the Waxy defendants expressly directed Trinity to perform the work after Albany MIB+K filed for bankruptcy, Trinity continued to perform despite nonpayment due to its reliance on promises made by several of these defendants that the Waxy defendants would pay for the work, and complete payment was never rendered. These allegations establish all the elements of promissory estoppel.
The Waxy defendants argue that, because an agreement to answer for the debt of another must be in writing or is void (see General Obligations Law § 5-701 [a] [2]), Trinity must additionally "demonstrate that it would be unconscionable to invoke the statute of frauds to bar" a promissory estoppel claim (Fleet Bank v Pine Knoll Corp., 290 AD2d at 797; see Matter of Hennel, 29 NY3d 487, 493 [2017] [noting that "the statute of frauds will not apply if petitioners can establish the elements of promissory estoppel and that they would [*4]otherwise suffer unconscionable injury"]; Castellotti v Free, 138 AD3d 198, 204 [2016]). They also argue that the statute of frauds requires dismissal of the cause of action for breach of a guarantee. An exception to this provision of the statute of frauds exists where an oral promise to pay a debt "is supported by a new consideration moving to the promisor and beneficial to him [or her] and . . . the promisor has become in the intention of the parties a principal debtor primarily liable" (Martin Roofing v Goldstein, 60 NY2d 262, 265 [1983], cert denied 466 US 905 [1984]; see Concordia Gen. Contr. v Peltz, 11 AD3d 502, 504 [2004]). To support this exception and avoid the statute of frauds, Trinity must "produce evidence showing a consideration moving to [the Waxy defendants] and showing that the parties intended, as ascertained from the language used and from all the facts and circumstances surrounding the transaction, that an independent contract was created between them which obligated [the Waxy defendants] to satisfy [Albany MIB+K's] debt in any event" (Martin Roofing v Goldstein, 60 NY2d at 265 [internal citation omitted]).
Trinity alleged that, after Albany MIB+K's bankruptcy filing (which rendered questionable the enforceability of the contract), the Waxy defendants agreed to pay Trinity for work performed on the restaurant in exchange for such continued performance and for Trinity withholding its right to terminate the contract. These actions, along with the bankruptcy filing, allegedly allowed Albany MIB+K and the Waxy defendants to stay an eviction and leverage settlement negotiations with Crossgates. The record also contains personal guarantees of Albany MIB+K's lease with Crossgates, signed by McKenna and Patel, so delaying legal action by Crossgates may have personally benefitted those third-party defendants. The forbearance of legal action by Trinity, and the associated business advantages, may constitute new consideration that could benefit at least some of the Waxy defendants (see Kramer v Harrington Wells & Rhodes, 275 AD2d 302, 303 [2000]). As the Waxy defendants are interrelated, discovery may unearth the benefits to each individual Waxy defendant and reveal whether the exception to the statute of frauds applies to any or all of them. If the exception applies, then the cause of action for breach of a guarantee may be viable based on an oral promise and Trinity would not be required to demonstrate or allege unconscionability in relation to its promissory estoppel claim.
With respect to alter ego liability, "[b]roadly speaking, the courts will disregard the corporate form, or, to use accepted terminology, pierce the corporate veil, whenever necessary to prevent fraud or to achieve equity" (Walkovszky v Carlton, 18 NY2d 414, 417 [1966] [internal quotation marks and citation omitted]; accord Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 140 [1993]). "The party asserting this equitable doctrine[] [*5]seeks to go behind the corporate existence in order to circumvent the limited liability of the owners and to hold them liable for some underlying corporate obligation. Properly understood, an attempt to pierce the corporate veil does not constitute a cause of action independent of that against the corporation; rather it is an assertion of facts and circumstances which will persuade the court to impose the corporate obligation on its owners" (Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 47 [2018] [internal quotation marks, brackets, ellipsis and citations omitted]; see Open Door Foods, LLC v Pasta Machs., Inc., 136 AD3d 1002, 1004 [2016]). Generally, the party seeking to pierce the corporate veil must show that the owner or other related party "exercised complete domination and control" of the corporation in respect to the transaction attacked and "abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice" or fraud against the party who is asserting a related injury (Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d at 48 [internal quotation marks and citations omitted]; see Conason v Megan Holding, LLC, 25 NY3d 1, 18 [2015]). "Allegations that corporate funds were purposefully diverted to make it judgment-proof or that a corporation was dissolved without making appropriate reserves for contingent liabilities are sufficient to satisfy the pleading requirement of wrongdoing which is necessary to pierce the corporate veil on an alter-ego theory" (Baby Phat Holding Co., LLC v Kellwood Co., 123 AD3d 405, 407-408 [2014], citing Grammas v Lockwood Assoc., LLC, 95 AD3d 1073, 1075 [2012]).
Trinity alleged that Albany MIB+K was owned and controlled by some combination of the Waxy defendants, they created the corporation to hold a leasehold interest, they failed to inform Trinity that the corporation was undercapitalized and would be unable to satisfy its financial obligations to Trinity, and they made representations that they would satisfy the corporation's obligations. Although "alter ego is a theory of recovery, not an independent cause of action," the third-party complaint, which we broadly construe, sufficiently alleges that some or all of the Waxy defendants controlled Albany MIB+K, particularly in relation to its interaction with Trinity, and committed a wrong against Trinity by covertly undercapitalizing the corporation, resulting in injury to Trinity (2406-12 Amsterdam Assoc. LLC v Alianza LLC, 136 AD3d 512, 512-513 [2016]). As Trinity's "fact-laden claim to pierce the corporate veil is unsuited for resolution on a pre-answer, pre-discovery motion to dismiss" (Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d at 47; see First Bank of Ams. v Motor Car Funding, 257 AD2d 287, 294 [1999]), Supreme Court properly denied the motion.
Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: The caption of the third-party complaint lists this party as Albany MIK+B, LLC, but the body of that pleading refers to it as Albany MIB+K, LLC and that party's brief indicates that the latter is correct.